**Billy D. TAYLOR, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 85–3063
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 17, 1985.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Gilbert S. Rothenberg, Steven I. Frahm, U.S. Dept. of Justice, Tax Div., Washington, D.C., for appellee.

Before TJOFLAT, VANCE and KRAV-ITCH, Circuit Judges.

PER CURIAM:

Appellant taxpayer contends that the United States Tax Court improperly dismissed his petition for failure to state a claim upon which relief can be granted. The Tax Court ruled that the petition did not comply with Tax Court Rule 34(b)(5), 26 U.S.C. foll. § 7453, which requires that the petition set forth "clear and concise lettered statements of facts," and that it was therefore impossible to discern whether the petition stated a claim. We hold that where a petition fails to set forth facts as required by Tax Court Rule 34(b)(5), the Tax Court is correct in dismissing the petition for failure to state a claim.

On March 28, 1984, the Commissioner of Internal Revenue mailed a statutory notice of deficiency to the taxpayer, Billy D. Taylor, assessing him $95,577.50 in additional income taxes for 1980 and $4,778.88 in penalties. On June 25, 1984, the appellant filed a pro se petition in the Tax Court. The greater portion of the petition sets forth a standard tax protester diatribe; appellant admits in his brief before this court that the petition contained numerous items that were "extraneous, irrelevant and possibly down-right insulting." The petition did set forth the adjustments made by the Commissioner and assign them as error. It failed, however, to state any facts to show why the adjustments were in error.

The Commissioner filed a motion to dismiss the petition for failure to state a claim upon which relief could be granted. On September 25, 1984, the Tax Court issued an order holding the motion to dismiss in abeyance pending the receipt of an amended petition. The order informed the taxpayer that the petition contained large amounts of irrelevant material, making it difficult to determine whether the petition set forth justiciable issues, and ordered the taxpayer to file an amended petition by October 26, 1984. A copy of Tax Court Rule 34 was attached to the order to assist the taxpayer in preparing the amended petition.

Taylor filed an amended petition on October 30, 1984. The amended petition restated the original petition and in response to the request for specific statements of facts merely stated that he was appearing pro se, that his petition was in English, and that the Tax Court had accepted other informal petitions. The Tax Court ruled that Taylor had complied with Rule 34(b)(4) by assigning errors, but that he had not provided clear and concise facts and thus petition did not comply with Rule 34(b)(5). Accordingly the court granted the Commissioner's motion to dismiss the petition.

The Commissioner's determination of a deficiency is presumed correct and the taxpayer has the burden of proving it incorrect. *Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *Potito v. Commissioner,* 534 F.2d 49, 51 (5th Cir.1976), *cert. denied,* 429 U.S. 1039, 97 S.Ct. 736, 50 L.Ed.2d 751 (1977).[1] In addition, the Tax Court Rules have been interpreted as requiring more detailed pleadings than the Federal Rules of Civil Procedure. *Scherping v. Commissioner,* 747 F.2d 478 (8th Cir.1984). Tax Court Rule 34(b)(5) plainly states that the petition must set forth "clear and concise lettered statements of facts." Because the taxpayer carries the burden in the deficiency proceeding, a petition that does not set forth facts should be dismissed. *Id.* at 480 (petition that merely states Commissioner's income figures too high and expense figures too low properly dismissed under Rule 34(b)(5)).

On appeal, Taylor asserts that because he is appearing pro se he should not be held to as high a standard in drafting his petition as if assisted by counsel. The opportunity to appear pro se, however, is not a license to submit material that the

---

**1.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

pro se petitioner knows is irrelevant and insulting and then request that the court disregard the petition and in effect assume that relevant facts do exist. Here, even taking the taxpayer's layperson status into account, the petition is defective. The Tax Court afforded the taxpayer an opportunity to amend the petition, and provided a copy of the rule. The taxpayer did not even attempt to comply with the request.

■ We hold that a taxpayer, notwithstanding pro se status, must comply with Tax Court Rule 34(b)(5) and set forth facts showing entitlement to relief in his petition or suffer dismissal. The order of the Tax Court dismissing the petition is AFFIRMED.