DAVID M. LOVLIEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lovlien v. Commissioner
Docket No. 33215-84.
United States Tax Court
T.C. Memo 1985-526; 1985 Tax Ct. Memo LEXIS 110; 50 T.C.M. (CCH) 1277; T.C.M. (RIA) 85526; October 7, 1985. Robert J. Foley, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: This case is before us on the Commissioner's motion for summary judgment and his motion for the award of damages. The Commissioner determined a deficiency in petitioner's 1982 Federal income tax in the amount of $6,613 plus additions to tax in the amounts of $338.81 and $330.65 under sections 6651(a)(1) and 6653(a)(1), I.R.C. 1954, respectively, together with a further addition of 50 percent of the interest due on the $6,613 deficiency under section 6653(a)(2). *111 The $6,613 deficiency was based upon petitioner's failure to report as income $29,565.62 wages received by him. The additions under section 6653(a)(1) and (2) were based upon negligence or intentional disregard of rules and regulations in respect of the resulting underpayment of tax. The section 6651(a)(1) addition was determined on the basis of petitioner's failure to file a timely (or even any) return for 1982. The petition filed herein was on an obviously prepared form that was manifestly of tax protester origin, containing several blank spaces that were filled in with dates and identification of the petitioner together with his address. This form petition referred to "the matter of income taxes and penalties erroneously alleged by the Commissioner", and "request[ed]" that "the matters * * * alleged [in the deficiency notice] be overturned and nullified in every respect". It contained no other assignment of error, and the only allegation of what might even be regarded as one of supporting fact was that "[p]etitioner is a natural individual and freeman". It in no way complied with Rule 34(b)(4) and (5) of our Rules of Practice and Procedure, which requires that a petition *112 "shall contain": (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency of liability. * * * Any issue not raised in the assignment of errors shall be deemed to be conceded. * * * (5) Clear and concise lettered statements of the facts on which petitioner basis the assignments of error * * *. The Commissioner made a request for admissions pursuant to Rule 90 of our Rules. Petitioner failed to respond to the request. Consequently, the allegations therein were deemed admitted. Rule 90(c). Based upon the facts thus established, the Commissioner on August 20, 1985, moved for summary judgment in respect of the entire case. He at the same time also filed a "Motion for Award of Damages". By order of this Court dated August 21, 1985, and served on petitioner August 21, 1985, at his last known address, petitioner was authorized to file a reply to both motion on or before September 12, 1985. No such reply was received by the Court on or before that date. However, on September 16, 1985, the Court received from petitioner a "Motion For Enlargement of Time", in which he *113 requested an additional 30 days to answer the Commissioner's motions. Although the Court need not have considered petitioner's tardy attempt to obtain further time, it nevertheless ordered on September 18, 1985, that petitioner might reply to either or both of the Commissioner's motions on or before October 3, 1985, provided that such reply be in fact received by the Court not later than that day. No such reply was received on or before October 3, 1985. After examining the admitted facts and taking into account petitioner's failure to respond to, or challenge the allegations in, the motions (cf. Rule 121(d) of our Rules), we are satisfied that there are no remaining facts that need to be considered in order to dispose of this case. The admitted facts show that petitioner "received $29,565.62 of wage income in 1982", precisely the amount of taxable income charged to him by the Commissioner in the notice of deficiency. They also show that he was entitled to only one personal exemption and no "excess itemized deductions", and to file his return as a single individual, again, exactly the assumptions made in the notice of deficiency. Moreover, an unsigned Form 1040 with an attached *114 letter, mailed by petitioner to the IRS which was received on April 16, 1983, support the imposition of the section 6651 and the section 6653(a) additions to tax. The unsigned 1040 form shows no income but does report a $7,288 "loss". The "loss" was based in large part on petitioner's application of the oft rejected tax protester theory that wages do not represent income but that they are merely payment for the sale of one's labor which has a tax basis equal to the wages received with the result that no gain is realized. The line on the foregoing unsigned Form 1040 which calls for signature and date contains only the words: "For Information Only/Not A Return". The accompanying letter reports that petitioner is "a natural individual and unenfranchised freeman [who] * * * neither requested, obtained, nor exercised any privilege from an agency of government" and, accordingly, not subject to income tax. The letter follows in many other respects verbatim language of obvious tax protester origin that we have heard repeatedly in other tax protester cases. It is well established that the documents which petitioner tendered to the Commissioner did not qualify as a return and that what *115 appeared thereon as his reasons for not filing a return or for not paying tax are utterly without merit. As countless cases in this and other courts indicate, excuses such as petitioner's for not filing tax returns or for not paying income tax are far from "reasonable". Clearly, the facts now in the record sufficiently support the section 6651(a)(1) and 6653(a) additions to tax. We conclude that the motion for summary judgment under our Rule 121 should be granted both as to the basic deficiency and the additions to tax. Alternatively, this case may be decided against petitioner on the basis of judgment on the pleadings. As we pointed out above, there was total failure to comply with our Rule 34(b)(4) and (5). There were no "clear and concise assignments" of error as required nor were there any "clear and concise * * * statements of the facts on which petitioner bases the assignments of error" In view of petitioner's total failure to comply with our rules and his consequent failure to set forth a cause of action, judgment may be entered against him in all respects as determined in the notice of deficiency. Cf. Taylor v. Commissioner,771 F.2d 478 (11th Cir. Sept. 17, 1985). *116 Finally, given the utterly frivolous nature of petitioner's position, we award damages to the United States under section 6673, I.R.C. 1954, in the amount of $3,000, as requested by the Commissioner in his motion for the award of damages. To reflect the foregoing, Respondent's Motion for Summary Judgment Will be Granted and Damages Will be Awarded Pursuant to Section 6673, I.R.C. 1954.