DENNIS RAYMOND KLEIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Klein v. Commissioner
Docket Nos. 10479-83, 18545-85.
United States Tax Court
T.C. Memo 1985-550; 1985 Tax Ct. Memo LEXIS 81; 50 T.C.M. (CCH) 1368; T.C.M. (RIA) 85550; November 4, 1985. Dennis Raymond Klein, pro se. robert Schneps, for the respondent. WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: These consolidated cases are before the Court on respondent's Motion to Impose Sanctions under Rule 104 [1] for petitioner's failure to comply with this Court's discovery order dated September 17, 1984, in docket No. 10479-83 and respondent's Motion to Dismiss for Lack of Prosecution in docket No. 18545-85. Petitioner resided in Ridgewood, New York, when the petitions herein were filed. By notices of deficiency dated March 12, 1983 and April 2, 1985, for 1980 and 1981, *82 respectively, respondent determined the following deficiencies in petitioner's Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1980
$2,493
$124.65
[1]
1981
3,196
159.80
[2]
The deficiencies in both years were based on respondent's disallowance of petitioner's claimed charitable contributions to the Good Earth Church and, for taxable year 1980, on respondent's disallowance of a dependency exemption claimed by petitioner and of petitioner's claim to head of household filing status. I. Motion to Impose Sanctions Subsequent to the filing of the petition in docket No. 10479-83, respondent informally attempted to obtain information from petitioner pursuant to Rule 70(a)(1). See Branerton Corp. v. Commissioner,61 T.C. 691, 692 (1974). Respondent then submitted interrogatories and requests for production of documents to petitioner pursuant to Rules 71(a) and 72. Petitioner responded to only four of the twelve *83 interrogatories submitted to him, and these responses directed respondent to contact third parties in order to obtain the requested information. Petitioner submitted two additional letters to respondent, neither of which responded to any of respondent's interrogatories or requests for production of documents. On September 7, 1984, respondent moved that this Court rule on the sufficiency of petitioner's responses, compel complete answers to interrogatories, compel production of documents, and impose sanctions on petitioner for failing to adequately respond. In an order dated September 17, 1984, this Court stated that: Petitioner shall, on or before October 17, 1984, serve on counsel for respondent complete and responsive answers to respondent's interrogatories served on petitioner on July 6, 1984, and produce to respondent's counsel those documents requested in respondent's request for production of documents served on petitioner on July 6, 1984. Petitioner shall in good faith make every reasonable inquiry regarding obtaining this information necessary to comply with this order. Upon petitioner's failure to comply the Court will be inclined to impose sanctions upon motion by *84 respondent. Petitioner mailed to respondent a response designated "Reply to Order" and dated October 17, 1984. Petitioner again directed respondent to third parties in order to obtain answers to interrogatories. Petitioner also submitted several documents designed to show that his constitutional rights had been violated. He made similar arguments in his status report filed pursuant to this Court's standing pretrial order. On July 19, 1985, respondent filed a motion to impose sanctions on petitioner for failing to respond to interrogatories or produce documents. A hearing on this motion was held on September 9, 1985. Petitioner failed to respond to eight of the twelve interrogatories submitted by respondent. In his responses to the remaining for interrogatories, petitioner simply directed respondent to contact third parties to obtain the requested information. His relationship to the parties enumerated in his response was sufficient to require him to make the inquiries necessary to answer the interrogatories. Rosenfeld v. Commissioner,82 T.C. 105, 117-118 (1984). Thus, petitioner's suggestion that respondent contact these parties does not constitute a *85 complete and responsive answer, as required by this Court's order. Further, the constitutional arguments made by petitioner in his "Reply to Order" are meritless ( Rowlee v. Commissioner,80 T.C. 1111, 1114 (1983), and cases cited therein; Habersham-Bey v. Commissioner,78 T.C. 304, 305 (1982)) and can in no way be deemed to constitute adequate responses. For the foregoing reasons, we find that petitioner has failed to comply with this Court's order of September 17, 1984. Rule 104(c)(3) provides, in pertinent part, that if a party fails to comply with an order of this Court issued pursuant to Rule 71(c), this Court may order dismissal of the case or any part thereof, or enter judgment by default against the disobedient party. [2] Rule 104(c) is based on Rule 37(b)(2), Federal Rules of Civil Procedure.[3] See Note to Rule 104(c), 60 T.C. 1124 (1973). We look to court decisions interpreting the Federal Rules of Civil Procedure in applying our analogous rules. Rosenfeld v. Commissioner,supra at 116-117, 120. Federal Rule of Civil Procedure 37(b)(2) *86 was considered by the Supreme Court in Societe Internationale v. Rogers,357 U.S. 197 (1958). The Court held that dismissal was improper where a party's failure to comply was "due to inability, and not to willfulness, bad faith, or any fault of [the party]." Societe Internationale v. Rogers, supra at 212. The standard articulated by the Supreme Court has been adopted by this Court for application with respect to Rule 104(c)(3). Dusha v. Commissioner,82 T.C. 592, 605 (1984). In the instant case, petitioner was aware that his responses to respondent's interrogatories and requests for production of documents submitted prior to our order of September 17, 1984, were inadequate. His response to that order offered no additional information, but merely raised constitutional arguments identical to those which, on many occasions, have been deemed meritless and frivolous by this Court. Therefore, we find that petitioner has willfully failed to comply with our discovery order and that dismissal of this case is warranted. *87 II. Motion to Dismiss for Lack of Prosecution Respondent filed a Motion to Dismiss for Lack of Prosecution in docket No. 18545-85 on September 19, 1985. After examination of the record in this case, it appears that the petition does not state a claim upon which relief can be granted. Under Rule 34(b)(4), a petition must contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability." Rule 34(b)(5) provides that a petition must also contain "[c]lear and concise lettered statements of the facts on which petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of proof is on the Commissioner." Failure of petitioner to comply with these rules may result in dismissal of the case and entry of a decision against the petitioner. Rule 123(b). [4]
*88 The petition in docket No. 18545-85 simply lists eight cases with marginal notations which imply petitioner's contention that the sixteenth amendment is unconstitutional. This argument has been considered and rejected in numerous prior opinions by this Court and other courts. Brushaber v. Union Pacific Railroad Co.,240 U.S. 1 (1916); Cupp v. Commissioner,65 T.C. 68, 84 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). Petitioner's notations also indicate that wages are not defined in the Internal Revenue Code. The implied contention that wages are, therefore, not taxable income has also been rejected in the past. Eisner v. Macomber,252 U.S. 189 (1920); Abrams v. Commissioner,82 T.C. 403, 407-408 (1984), and cases cited therein; Rowlee v. Commissioner,supra.Because the petition contains no clear and concise assignments of error and no facts supporting such assignments of error, the petition will be dismissed for failure to state a claim on which relief can be granted. Rule 123(b); Taylor v. Commissioner,771 F.2d 478 (11th Cir. 1985), *89 affg. an order of this Court. [5]
III. Damages under Section 6673 Respondent has moved for damages under section 6673 with respect to each docket in this litigation. Section 6673 provides that this Court may award damages of up to $5,000 to the United States when the proceedings have been instituted or maintained by the taxpayer primarily for delay or when the taxpayer's position in such proceeding is frivolous or groundless. Due to petitioner's failure to comply with respondent's discovery requests and this Court's order in docket No. 10479-83 and the standard tax protester diatribe contained in the petition in docket No. 18545-85, we are convinced that petitioner instituted and maintained these proceedings primarily for delay and that his positions are groundless. Accordingly, damages will be awarded to the United States under section 6673 in the amounts of $2,000 and $2,500 in docket Nos. 10479-83 and 18545-85, respectively. Appropriate orders and decisions will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years here in issue.↩
1. Section 6653(a)(2) is applicable only to taxes for which the last date prescribed for payment is after December 31, 1981. ↩
2. 50 percent of the interest due on $3,196.↩
2. Rule 104(c)(3) states: (c) Sanctions: If a party or an officer, director, or managing agent of a party or a person designated in accordance with Rule 74(b), 75(c), or 81(c) fails to obey an order made by the Court with respect to the provisions of Rule 71, 72, 73, 74, 75, 81, 82, 84, or 90, the Court may make such orders as to the failure as are just, and among others the following: * * * (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. ↩
3. Rule 37(b)(2) of the Federal Rules of Civil Procedure states, in pertinent part: (2) Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: * * * (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;↩
4. Rule 123(b) states: (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule.↩
5. See also Baker v. Commissioner,T.C. Memo. 1981-400↩.