FRANCIS F. BELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bell v. Commissioner
Docket No. 31082-86.
United States Tax Court
T.C. Memo 1987-504; 1987 Tax Ct. Memo LEXIS 500; 54 T.C.M. (CCH) 767; T.C.M. (RIA) 87504; September 28, 1987. Francis F. Bell, pro se. Adolph J. Dean, Jr., for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121, [1] respondent's motion for damages under section 6673, and petitioner's motion to dismiss with sanctions filed pursuant to Rule 53. *501 In a timely statutory notice of deficiency dated April 25, 1986, respondent determined the following deficiency in and additions to petitioner's 1983 Federal income tax liability: Additions to Tax, I.R.C. Secs.
Year
Deficiency
6653(a)(1)
6653(a)(2)
6651(a)(1)
6654(a)
6661(a)
1983
$ 6,157
$ 307.85
*
$ 902.25
$ 181.84
$ 615.70
Respondent's motion for summary judgment raises the following issues: (1) Whether amounts petitioner received as compensation in 1983 constitute taxable income, (2) whether petitioner is entitled to itemized deductions for 1983, (3) whether petitioner is liable for the addition to tax set forth above, and (4) whether damages should be awarded to the United States under section 6673. Petitioner's motion to dismiss is frivolous, raises no viable issue, and will be denied without further discussion. The following material facts were admitted by petitioner in his response to respondent's request for admissions. Petitioner resided in Atlanta, Georgia, at the time his petition was filed. In 1983, petitioner *502 received wages from his employer, Metropolitan Atlanta Rapid Transit Authority (MARTA), in the total amount of $ 26,393. Petitioner and his wife filed a joint Federal income tax return for 1982 and reported on that return wages petitioner received from MARTA in 1982. Petitioner did not file a Federal income tax return for 1983. One of respondent's request for admissions alleged generally as follows: 8. Petitioner is not entitled to any itemized deductions under the Internal Revenue Code for the taxable year ended December 31, 1983.
Petitioner responded to the above request for admission as follows: 8. Petitioner objects as irrelevant with regard to entitlement to itemized deductions no basis for requirement of Petitioner to file returns or pay a tax having been established according to the rules of evidence. [Sic.] In his notice of deficiency, respondent determined that the wages petitioner received in 1983 were includable in gross income. Respondent made no allowance for itemized deductions in determining the deficiency and additions to tax at issue herein. The petition in this case was filed on July 25, 1986. In his petition, petitioner stated that the wages *503 he received in 1983 "were an equal exchange for labor" and therefore not taxable. Petitioner also stated that he incurred significant amounts of expenses in 1983 which should be allowed as deductions. On June 11, 1987, petitioner met with respondent's representative. At that meeting, petitioner gave respondent's representative a "request for information" which contained little more than typical tax-protester type requests. One such request was for the names of witnesses respondent intended to call who would refute petitioner's affirmation that he is "a male and free person, receiving all Rights inalienable from the Creator God acknowledged by the 'founding fathers' in the Declaration of Independence (1776) and cannot be the subject of a direct tax upon my compensation." Respondent provided petitioner with four opinions of this Court which explain that wages constitute taxable income and which award substantial damages to the United States against taxpayers who maintained arguments similar to those made by petitioner. A decision on a motion for summary judgment may be rendered if there is no genuine issue as to any material fact. Rule 121(b). The record herein establishes *504 that petitioner received wages in 1983 from MARTA in the total amount of $ 26,393. Section 61(a)(1) clearly provides that compensation for services rendered constitutes gross income. Petitioner's argument that wages are not taxable income has been uniformly and repeatedly rejected as frivolous. See, e.g., ; ; ; , and cases cited therein; . Concerning the itemized deductions, petitioner's response to respondent's request for admission number 8 is evasive and inadequate and therefore will be treated as a failure to respond thereto. Rule 104(d). [2] Accordingly, the request is deemed admitted pursuant to Rule 90(c), and petitioner's claim that he is entitled to itemized deductions for 1983 is rejected. ; , affd. *505 . The facts established by respondent's request for admissions demonstrate petitioner's liability for the determined deficiency and the additions to tax at issue. Petitioner earned taxable wages in the amount of $ 26,393 in 1983. He failed to file a tax return for that year. He makes only frivolous arguments as to why his wages are not taxable. We sustain respondent's determination of the deficiency and the additions to tax, and we grant respondent's motion for summary judgment. The final issue for decision is whether the United States is entitled to an award of damages under section 6673. [3] Section 6673 permits this Court to award damages to the United States not to exceed $ 5,000 against taxpayers who have brought or maintained frivolous or groundless proceedings in this Court. The proceeding brought by petitioner is entirely groundless, as is petitioner's motion to dismiss. Conduct such as petitioner's *506 interferes with the processes of this Court and results in a waste of judicial resources that cannot be tolerated. ; ; , affd. . On the record before us, we find that the imposition of damages under section 6673 is appropriate, and we award such damages in the amount of $ 500 against petitioner in favor of the United States. An appropriate order will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as in effect during the year in issue. ↩
*. 50 percent of the interest due on the portion of the understatement attributable to negligence.↩
2. Rule 104(d) provides: (d) Evasive or Incomplete Answer or Response: For purposes of [Rule 90, Requests for Admission], an evasive or incomplete answer or response is to be treated as a failure to answer or respond. ↩
3. SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. * * * ↩