867 F.2d 609
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stanley STERNER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 88-2562.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 28, 1988.
Decided: Jan. 20, 1989.
Rehearing and Rehearing In Banc Denied Feb. 15, 1989.
 
 Stanley Sterner, appellant pro se.
 William Shepard Rose, Jr., Bruce Raleigh Ellisen, Gary R. Allen, William F. Nelson (U.S. Department of Justice), for appellee.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Stanley Sterner appeals from a tax court decision upholding an IRS deficiency determination and imposing sanctions for maintaining a frivolous action. Sterner forwards the following arguments in this Court: (i) that the IRS failed to prepare returns for him, thereby rendering its determination of deficiency void; (ii) that penalizing him for failing to file tax returns is in violation of his fifth amendment privilege not to be a witness against himself; (iii) that he should have been afforded a jury trial; (iv) that the Commissioner's motion to dismiss should have been denied; and (v) that the tax court's sanction was improper because he was simply exercising his constitutional right to litigate. We affirm.
 
 
 2
 Sterner's arguments are manifestly frivolous. The Commissioner is not obliged to prepare a return on a taxpayer's behalf before determining a deficiency. Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir.1988). As to Sterner's fifth amendment claim, "[t]here is no constitutional right to refuse to file an income tax return." California v. Byers, 402 U.S. 424, 434 (1971). The tax court properly denied Sterner's request for a jury trial on the basis that there is no right to a jury trial in tax court. See McCoy v. Commissioner, 696 F.2d 1234, 1237 (9th Cir.1983). The court properly granted the Commissioner's motion to dismiss because Sterner failed to meet his burden to set forth facts showing that the Commissioner's deficiency determination was incorrect. See Taylor v. Commissioner, 771 F.2d 478, 480 (11th Cir.1985). Contrary to Sterner's arguments, we find no unconstitutionality, either on its face or as applied, in the tax court rule governing motions to dismiss. Tax Ct. R. 34(b). Finally, we approve the tax court's imposition of the penalty provided for by 26 U.S.C. Sec. 6673; Sterner has no constitutional right to litigate frivolous claims without being sanctioned. See Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985).
 
 
 3
 Finding this appeal frivolous, we award the Commissioner attorneys' fees and double costs incurred on appeal. See 28 U.S.C. Sec. 1912; Fed.R.App.P. 38. The amount of $1,500 requested by the Commissioner in lieu of particularized fees and costs is approved.*
 
 
 4
 We dispense with oral argument because this appeal is frivolous and affirm the tax court's judgment.
 
 
 5
 AFFIRMED AND SANCTIONS IMPOSED.
 
 
 
 *
 We note that this Court has awarded lump sum sanctions in Dixon v. Commissioner, No. 87-3528 (4th Cir. Dec. 15, 1987) (unpublished); Yoder v. Commissioner, No. 87-2072 (4th Cir. Nov. 27, 1987) (unpublished); Peeples v. Commissioner, No. 87-1053 (4th Cir. Sept. 23, 1987) (unpublished); Leining v. Commissioner, No. 86-1253 (4th Cir. July 21, 1987) (unpublished); United States v. Bowser, No. 86-1241 (4th Cir. April 22, 1987) (unpublished); United States v. Wissig, No. 86-1188 (4th Cir. Dec. 29, 1986) (unpublished); Chapman v. Egger, No. 85-2151 (4th Cir. Oct. 21, 1986) (unpublished); Jensen v. United States, No. 86-1504 (4th Cir. June 25, 1986) (unpublished), motion for accounting and cert. denied, 55 U.S.L.W. 3278 (U.S. Oct. 20, 1986)