DAVID M. PARKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Parker v. Commissioner
Docket No. 11577-88.
United States Tax Court
T.C. Memo 1989-196; 1989 Tax Ct. Memo LEXIS 196; 57 T.C.M. (CCH) 256; T.C.M. (RIA) 89196; April 27, 1989
*196 David M. Parker, pro se. Michael A. Urban, counsel for respondent. WHALEN
MEMORANDUM OPINION WHALEN, Judge: This case is before the Court on respondent's Motion for Summary Judgment, filed March 1, 1989, and petitioner's Motion For Extension of Time in Which to Respond to Respondents [sic] Request for Admissions, filed March 9, 1989. The case is presently calendared for trial at the Court's May 15, 1989, Houston, Texas Trial Session. At issue are respondent's determinations, made by a separate statutory notice for each taxable year, of the following deficiencies in, and additions to, petitioner's Federal income tax: Additions to Tax, I.R.C. Sections [1]
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6661
1983
$ 7,977.00
$ 1,412.25
$ 398.85
* $ 1,994.25
1984
9,947.00
1,582.50
497.35 **
2,486.75
*197 Petitioner resided in Orange, Texas at the time he filed his petition. Respondent contends in his Motion for Summary Judgment that all of the facts necessary for a decision in this case have been established pursuant to Rule 90(c) by reason of petitioner's failure to respond in a timely fashion to Respondent's Request for Admissions, and that he is entitled to decision under Rule 121 as a matter of law. Rule 90(c) provides in part that: (c) Response to Request: Each matter is deemed admitted unless, within 30 days after service of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the requesting party (1) a written answer specifically admitting or denying the matter involved in whole or in part, or asserting that it cannot be truthfully admitted or denied and setting forth in detail the reasons why this is so, or (2) an objection, stating in detail the reasons therefor. Respondent alleges in his motion and supporting affidavit that his request for admissions was served on petitioner on September 6, 1988, and was received by petitioner on September 12, 1988, as shown by a Return Receipt for Certified *198 Mail, U.S. Postal Service Form 3811, bearing petitioner's signature. Respondent further alleges that petitioner failed to respond within 30 days after service of the request, as required by Rule 90(c), or at any time thereafter. In response, petitioner, acting pro se, filed Petitioners [sic] Reply and Objections to Respondents [sic] Motion for Summary Judgement and filed Motion for Extension of Time in Which to Respond to Respondents [sic] Request for Admissions. Petitioner does not deny any of the facts alleged in respondent's motion and supporting affidavit, nor does petitioner address any of the substantive issues in the case. Rather, petitioner asks the Court to relieve him from having the facts alleged in the request for admissions deemed admitted under Rule 90(c), and asks the Court to deny respondent's Motion for Summary Judgment, on the grounds that he is not a lawyer, was unaware of the deadline for responding to the request for admissions, and was unable to respond because of his normal employment and certain personal difficulties, including his wife's sickness. By order dated March 10, 1989, the Court took the motions under advisement. The Court also ordered *199 petitioner to "respond to each of the ten paragraphs set out in Respondent's Request for Admissions by sending respondent a written document, on or before April 28, 1989, which specifically admits or denies each such fact." On March 23, 1989, the Court received four documents from petitioner, styled as follows: (1) Reply to Respondents [sic] Request For Information, (2) Petitioners [sic] Request For Information, (3) Response to Request for Production of Documents, and (4) Response to Respondent's Interrogatories to Petitioner. The first of these documents constitutes petitioner's answer to Respondent's Request for Admissions. Contrary to the Court's order of March 10, 1989, and to the requirements of Rule 90(c), petitioner has not specifically admitted, denied, or raised objection to, any of respondent's requested admissions. For example, the request for admissions states: "The petitioner did not file U.S. individual income tax returns, or submit any Forms 1040 to respondent for either of the taxable years 1983 and 1984." In response, petitioner states as follows: "Define individual tax return. Also who is required to file returns? Is the filing of a w-2 [sic] Form considered *200 a tax return?" Similarly, respondent alleged that petitioner received wages from E.I. du Pont de Nemours & Co. of $ 30,654 in 1983 and $ 36,590 in 1984. In response, petitioner states: "Define wages at law? Does one derive income by rendering services and charging for them?" In response to allegations that petitioner received income from accounts at Wilmington Trust Company and the du Pont Employees Credit Union, petitioner states with no elaboration, "4th and 5th amendments U.S. Constitution." In response to respondent's allegation that petitioner is not entitled to any deductions, credits, or adjustments to income other than those set forth in the statutory notices, petitioner states, "4th, 5th, 6th, 7th and 8th amendments U.S. Constitution." Finally, in response to respondent's allegation that the tax deficiencies and additions to tax set forth in the statutory notices are due from petitioner, petitioner states: "Absolutely not. As IRS has no jurisdiction." Petitioner's response to Respondent's Request for Admissions is a transparent attempt to avoid answering the factual allegations fairly made by respondent in his request for admissions. Petitioner's response to respondent's *201 clear and straightforward request is evasive and inadequate. Even if petitioner's response had been timely, it would be treated under Rule 104(d) as a failure to answer or respond. Bell v. Commissioner,T.C. Memo. 1987-504. We infer from petitioner's response that he has no intention of answering the allegations contained in Respondent's Request for Admissions, and conclude that we should not excuse his failure to make a timely and adequate answer or objection thereto. Under Rule 90(c), a request for admissions is deemed admitted unless an answer is served on the requesting party "within 30 days after service of the request." The Court, in its discretion, may allow a party more than 30 days to respond under Rule 90(c). Rules 90(c), 25(c). However, a motion to extend the time to file an answer must be made prior to the expiration of the 30-day period following service of the request. Dahlstrom v. Commissioner,85 T.C. 812, 817-818 (1985); Morrison v. Commissioner,81 T.C. 644, 646-647 (1983). If no motion is filed within this period, each requested admission is automatically deemed admitted. Morrison v. Commissioner, supra at 647. *202 In the case before us, Respondent's Request for Admissions was served on petitioner on September 6, 1988. Each allegation of fact contained in the request was therefore automatically deemed admitted on October 6, 1988. Freedson v. Commissioner,65 T.C. 333, 334-336 (1975), affd. 565 F.2d 954 (5th Cir. 1978); Rule 90(c). Consequently, because the 30-day period expired long before petitioner filed his motion on March 9, 1989, petitioner's motion is untimely and will be denied to the extent that it seeks an extension of time in which to answer respondent's request. Petitioner's motion can also be construed as a motion under Rule 90(f) to withdraw or modify his admissions in light of his subsequent and untimely answer to respondent's request. Under Rule 90(f), an admission may be withdrawn or modified if: (1) the withdrawal or modification would subserve the presentation of the merits of the case, and (2) the party obtaining the admissions "fails to satisfy the Court that the withdrawal or modification will prejudice him in prosecuting his case or defense on the merits." With respect to the first criterion, it is clear from petitioner's untimely *203 and unresponsive answer to respondent's request, and from the other documents petitioner filed, which are replete with tax-protester type assertions, that he has no serious intention of presenting the merits of his case or contesting the admitted facts at trial. With respect to the second criterion, the Court is satisfied that the withdrawal or modification of the admissions would prejudice respondent in prosecuting his case. In Morrison v. Commissioner, supra at 649, we stated that "A party will be prejudiced by the withdrawal of admissions if he has relied on them and will suffer delay, added expense, and additional effort because of the withdrawal." In the case before us, petitioner filed his motion almost five months after respondent's request was deemed admitted. In the intervening time, during which petitioner gave no indication that he wished to withdraw or modify the admissions, respondent relied in good faith on the binding effect of the deemed admissions to prepare his motion for summary judgment. Morrison v. Commissioner, supra at 649. Our interest in fostering diligent litigation and in preventing prejudice to one party, respondent in *204 this case, together outweigh any reasonable interest which petitioner may have in the withdrawal of the deemed admissions. Morrison v. Commissioner, supra at 650. Even though he does not satisfy the criteria for withdrawal under Rule 90(f), petitioner claims relief from the deemed admissions on the grounds that he is a pro se litigant and was unaware of the 30-day deadline under Rule 90(c). We observe that petitioner received warning of Rule 90 and its 30-day deadline from the opening statement of respondent's request for admissions: "Pursuant to T.C. Rule 90, the respondent requests the petitioner, within thirty (30) days after service of these requests as evidenced by the certificate attached hereto, to admit the facts for purposes of the pending action only * * *." Generally, ignorance of court rules does not constitute excusable neglect. Swimmer v. Internal Revenue Service,811 F.2d 1343, 1345 (9th Cir. 1987). Moreover, a taxpayer, notwithstanding his pro se status, is expected to abide by the relevant Rules of this Court. Swimmer v. Internal Revenue Service, supra at 1345; United States v. Jenkins,780 F.2d 518, 520 (5th Cir. 1986); *205 Carter v. Commissioner,784 F.2d 1006, 1008 (9th Cir. 1986); Taylor v. Commissioner,771 F.2d 478, 479-480 (11th Cir. 1985). See also Faretta v. California,422 U.S. 806, 835 n. 46 (1975) (pro se status is not "a license not to comply with the relevant rules of procedural and substantive law"). Accordingly, we deny petitioner's Motion For Extension of Time in Which Respond to Respondents [sic] Request for Admissions. Turning to respondent's Motion for Summary Judgment, this Court may grant summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). See Naftel v. Commissioner,85 T.C. 527, 529 (1985); Jacklin v. Commissioner,79 T.C. 340, 344 (1982); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). The moving party, respondent in this case, bears the burden of proving that there is no genuine issue of material fact. Naftel v. Commissioner, supra at 529; *206 Espinoza v. Commissioner, supra at 416. The moving party also bears the burden of proving that it should prevail on the substantive questions at issue as a matter of law. Rule 121(b). The Court will view factual material and inferences drawn therefrom in the light most favorable to the party opposing the motion for summary judgment. Naftel v. Commissioner, supra at 529; Jacklin v. Commissioner, supra at 344. Respondent relies on his affidavit, the pleadings and the deemed admissions to show that there are no material disputed facts. This is an appropriate procedure under the Rules of this Court, Dahlstrom v. Commissioner, supra at 820-822, and Morrison v. Commissioner, supra at 651, and we agree with respondent that the facts deemed admitted pursuant to Rule 90(c) resolve all issues of material fact in this case and entitle him to a decision under Rule 121(b) as a matter of law. Petitioner has admitted that he failed to file an income tax return for the taxable years 1983 and 1984, despite the fact that he realized wage income of $ 30,654 in 1983 and $ 36,590 in 1984 from E. I. du Pont de Nemours *207 & Co., and realized other income from the du Pont Employees Credit Union and Wilmington Trust Company. Furthermore, petitioner has admitted that he is not entitled to any deductions, credits or adjustments to income other than those set forth in the statutory notices. Finally, petitioner has admitted that he owes the income tax deficiencies and additions to tax set forth in the statutory notices. Accordingly, we grant respondent's Motion for Summary Judgment. For the foregoing reasons, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the statutory interest on $ 7,977.00, computed from April 15, 1984 to the earlier of the date of assessment or the date of payment. ** 50% of the statutory interest on $ 9,947.00, computed from April 15, 1985 to the earlier of the date of assessment or the date of payment. ↩