[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10176
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 14, 2011
JOHN LEY
CLERK

Agency No. 12448-10L


NANCY WICKS GOSSAGE,

Petitioner-Appellant,


versus


COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S.Tax Court
_____

(September 14, 2011)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Nancy Gossage, a *pro se* taxpayer, appeals the Tax Court's order dismissing her petition for review of an Internal Revenue Service ("IRS") determination that it would collect additional owed income tax by way of levy, pursuant to 26 U.S.C. § 6330. This case stems from Gossage's failure to file a 2003 federal income tax return, and the IRS's subsequent efforts to collect $29,672 in unpaid taxes. In her petition, Gossage alleged that the IRS: (1) harassed her; (2) lied to her; (3) forced her to stop filing tax returns; and (4) sought to make her pay, notwithstanding the fact that she did not request a refund, because of its "greed." The Tax Court allowed her to file an amended petition, in which she added that her underlying tax liability was excessive and that she had been denied a fair hearing before the IRS.

The Tax Court dismissed her petition for failure to state a claim, finding that Gossage was precluded from challenging her underlying tax liability and that she provided no other sufficient basis to question the IRS's collection action. Specifically, the court found that Gossage could not challenge her underlying tax liability because she failed to pursue it during her Collection Due Process ("CDP") hearing.[1] The court found that Gossage was likewise precluded from challenging

---

[1] During Gossage's CDP hearing, the appeals officer explained to Gossage that her tax was assessed pursuant to a substitute tax return. The officer agreed to reevaluate Gossage's liability if Gossage filed her own 2003 tax return or otherwise explained why she "disagree[d]

her tax liability due to her failure to petition for review of the notice of deficiency, and therefore, her underlying tax liability was not presently at issue. Although the appeals officer agreed to consider this issue during her CDP hearing, the court found that this did not constitute a waiver. Reviewing the remainder of the IRS's notice of determination for an abuse of discretion, the Tax Court found that no such abuse occurred because, despite Gossage's request for an offer-in-compromise, she did not propose a compromise during the CDP hearing, or offer any supporting financial information to the appeals officer. Accordingly, the Tax Court granted the IRS's motion to dismiss and permitted the IRS to proceed with its collection action against Gossage.

On appeal, Gossage argues that the Tax Court erred in dismissing her petition because she stated numerous claims upon which relief could be granted, which she describes as (1) the existence or amount of her tax liability; (2) the IRS's arbitrary persecution; and (3) the IRS's bias during the administrative process. She also argues that her underlying tax liability was excessive, and that she should be able to challenge this liability before the Tax Court because the IRS never afforded her a proper CDP hearing.[2]

---

with the tax assessed." Gossage refused to do so.

[2] In support of this argument, Gossage submits a number of documents which she maintains rebut the assessment of additional tax prepared by the IRS, including wage statements

We review *de novo* the Tax Court's ruling on a motion to dismiss. *Pollard v. Comm'r*, 816 F.2d 603, 604 (11th Cir. 1987) (per curiam). Despite the liberal pleading standard for *pro se* litigants, they abandon issues that they do not brief on appeal. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). Further, a taxpayer's *pro se* status does not excuse her from complying with Tax Court Rules. *Taylor v. Comm'r*, 771 F.2d 478, 479–80 (11th Cir. 1985) (per curiam).

Every individual who earns taxable income must file a tax return with the IRS. *See* 26 U.S.C. § 6011(a); *United States v. Pilcher*, 672 F.2d 875, 877 (11th Cir. 1982) ("Every income earner is required to file an income tax return."). If the IRS determines that an individual owes additional income taxes, it must mail a notice of deficiency to the taxpayer's last known address. 26 U.S.C. § 6212(b). Generally, where the tax continues to go unpaid, the IRS has the authority to collect it by way of a levy upon the taxpayer's property and rights to property. 26 U.S.C. § 6331(a). The IRS may not levy, however, unless it first notifies the taxpayer in writing of her right to a CDP hearing. 26 U.S.C. § 6330(a)(1).

---

and proof of taxes paid. We decline to consider these documents, which were not filed with the Tax Court. *Cf. Hershey v. City of Clearwater*, 834 F.2d 937, 941 n.6 (11th Cir. 1987).

During the CDP hearing, a taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy." § 6330(c)(2)(A). For example, the taxpayer may challenge the existence or amount of her underlying tax liability, but only if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." § 6330(c)(2)(B).

The appeals officer's ultimate determination is based on: (a) the IRS verification; (b) the merits of the issues that the taxpayer raises; and (c) "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." § 6330(c)(3).

Following the CDP hearing, the taxpayer may seek judicial review of the IRS's determination by petitioning to the Tax Court. § 6330(d)(1). The Tax Court Rules permit the respondent to file a motion to dismiss a petition for failure to state a claim upon which relief can be granted. Tax Court Rule 40. A taxpayer petition that fails to comply with the pleading standards as set forth in the applicable Tax Court Rule is due to be dismissed for failure to state a claim. *See Taylor*, 771 F.2d at 479–80 (holding that a petition challenging a notice of deficiency was properly dismissed for failure to state a claim because it failed to

5

comply with the pleading standards governing such petitions as set forth in Rule 34(b)(5)).

After review of the record, and consideration of the parties' briefs, we affirm. Gossage was statutorily precluded from proceeding with the primary challenge she raised in her petition for review—the amount of her underlying tax liability—because she did not timely contest this liability upon receiving the IRS's notice of deficiency. *See* § 6330(c)(2)(B). As to any other possible grounds for relief she may have raised in her petition, Gossage's vaguely-worded allegations of error, supported by irrelevant factual assertions, were insufficient to comply with the pleading requirements in Tax Court Rule 331(b) and therefore failed to state a claim. Finally, we note that even if Gossage's petition, considered alongside her amended petition, could be construed liberally to assert claims whose merits could be adjudicated, these claims were in conflict with the record, which shows that she received a CDP hearing consistent with applicable regulations, *see* 26 C.F.R. § 301.6330-1(d)(2) (A-D6) (explaining that a CDP hearing may consist of only "one or more written or oral communications" between an appeals officer and the taxpayer, without any recording or transcript), and reveals no other improprieties in the IRS's conduct during its collection efforts.

**AFFIRMED.**