Alvin SWIMMER, Plaintiff-Appellant,

v.

INTERNAL REVENUE SERVICE,
Defendant-Appellee.

No. 86–1693.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 25, 1986.*

Decided March 6, 1987.

Alvin Swimmer, pro se.

Michael L. Paup, U.S. Dept. of Justice,
Washington, D.C., for defendant-appellee.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Before FARRIS, BEEZER and BRUNETTI, Circuit Judges.

BEEZER, Circuit Judge:

Alvin Swimmer, pro se, appeals the district court's grant of summary judgment against him. We dismiss for lack of jurisdiction. Swimmer also appeals the district court's denials of his motions for reconsideration. We affirm.

## FACTS

In 1983, Appellant Swimmer filed a tax return that did not report his wages as income. The IRS assessed a $500 frivolous return penalty pursuant to 26 U.S.C. § 6702. Swimmer paid $75 as partial satisfaction of the penalty and subsequently filed amended returns for the years 1980, 1981 and 1982, claiming a full refund of all taxes paid on the theory that his wages were not income. He also claimed a refund of the $75 penalty payment. The IRS disallowed all of these claims.

Swimmer then filed an action in the district court alleging that the IRS had improperly assessed a penalty against him and had wrongfully denied his refunds and deductions. The IRS answered and moved for summary judgment. When Swimmer failed to respond, the district court granted the motion and dismissed Swimmer's action on July 17, 1985.

On July 18, 1985, Swimmer filed a "petition to rehear," alleging that his failure to respond to the summary judgment motion was due to his being "a novice in legal procedures." The district court denied Swimmer's motion on October 9, 1985.

On October 18, 1985, Swimmer filed a "motion for reconsideration," citing Fed.R. Civ.P. 60(b). That motion was denied on December 13, 1985.

Swimmer filed a notice of appeal on February 5, 1986, challenging the original summary judgment and the denials of his two post-judgment motions.

## ANALYSIS

### A. *Jurisdiction*

We must first determine which actions of the district court are properly before us on appeal. The sixty day period for filing a notice of appeal is mandatory and jurisdictional. *Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978); *Sierra On-Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1418–19 (9th Cir.1984). A motion pursuant to Fed.R.Civ.P. 59, however, extends the time for appeal. Fed.R. App.P. 4(a)(4). A motion pursuant to Fed. R.Civ.P. 60 does not. *Browder,* 434 U.S. at 263 n. 7, 98 S.Ct. at 560 n. 7.

1. The second post-judgment motion is properly before us. Swimmer filed his appeal within sixty days of the court order denying this motion.

2. The first post-judgment motion is properly before us. Even though the notice of appeal came more than sixty days after the court order denying this motion, the time for appeal was extended by the second post-judgment motion. That latter motion, though it mentioned Rule 60, was made within ten days and could have been brought under Rule 59. We may treat such a motion as having been made under Rule 59. *Sierra On-Line, Inc.,* 739 F.2d at 1419. So treated, the second motion extended the time for appeal so that Swimmer's challenge to the denial of his first motion is timely.

3. The original summary judgment is not properly before us. The appeal was filed long after the sixty day period had elapsed. Swimmer's challenge to the judgment is untimely unless both of his post-judgment motions extended the time for appeal. The first motion may be treated as based on Rule 59, even though that rule was not invoked. *Sierra On-Line, Inc., supra.* Accordingly, the appeals period began to run upon denial of that motion on October 9, 1985. Swimmer's second motion did not affect the period for appeal. Even if we regard it as a Rule 59 challenge to the original judgment (which is implausible)

it was untimely because it was made more than ten days after that judgment.[1] If we regard it as a Rule 59 challenge to the court order denying the first post-judgment motion, it did not extend the period for appeal of the judgment itself. *See Stark v. Lambert,* 750 F.2d 45, 47 (8th Cir.1984).

### B. *Denial of Reconsideration*

■ The original summary judgment was granted because Swimmer failed to respond to the government's motion within the period set forth in the Rules. Both of Swimmer's post-judgment motions explained this failure as the result of a mistaken reading of the Rules. We review the denial of those motions for an abuse of discretion, whether they are considered as made under Rule 59 or Rule 60. *Walker v. Bank of America,* 268 F.2d 16, 25 (9th Cir.) (Rule 59), *cert. denied,* 361 U.S. 903, 80 S.Ct. 211, 4 L.Ed.2d 158 (1959); *Browder,* 434 U.S. at 263 n. 7, 98 S.Ct. at 560 n. 7 (Rule 60).

■ There was no abuse of discretion. Ignorance of court rules does not constitute excusable neglect, even if the litigant appears *pro se. See Kendall v. Hoover Co.,* 751 F.2d 171, 175 (6th Cir.1984) (failure to respond to summary judgment is inexcusable neglect); *Carter v. CIR,* 784 F.2d 1006, 1008 (9th Cir.1986) (*pro se* litigant must abide by rules of court).

### CONCLUSION

The IRS has requested sanctions against Swimmer for prosecuting a frivolous appeal. An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit. *DeWitt v. Western Pacific Railroad Co.,* 719 F.2d 1448, 1451 (9th Cir.1983). Even if we had jurisdiction over the merits of Swimmer's original judgment, this would be such a case. Accordingly, we grant the request and hereby impose sanctions of $500 on Swimmer.

1. According to Fed.R.App.P. 4(a)(4), a Rule 59 motion extends the time limit on an appeal, but it does not affect the ten day limitation within which all Rule 59 motions must be made. *See Wansor v. George Hantscho Co.,* 570 F.2d 1202,

The portion of Swimmer's appeal challenging the original summary judgment is DISMISSED. Otherwise, the decisions of the district court are AFFIRMED.

1206 & n. 5 (5th Cir.), *cert. denied,* 439 U.S. 953, 99 S.Ct. 350, 58 L.Ed.2d 334 (1978); *Seshachalam v. Creighton University School of Medicine,* 545 F.2d 1147, 1148 (8th Cir.1976).