958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
ONE PARCEL OF REAL PROPERTY, LOCATED AT IDAHO FALLS,
BONNEVILLE COUNTY, IDAHO, et al., Defendant,
Linus W. Bowman, Defendant-Claimant-Appellee.
 No. 90-35732.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 18, 1992.
 
 Before JAMES R. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Linus W. Bowman, a federal prisoner, appeals pro se the district court's denial of Bowman's motion to set aside its summary judgment in favor of the United States in a civil forfeiture action under 21 U.S.C. § 881. Bowman contends that the district court's decision was unduly harsh particularly because he was proceeding without counsel. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Background
 
 
 4
 Bowman was convicted following a guilty plea for controlled substance offenses. The government brought civil forfeiture proceedings against Bowman's real property under 21 U.S.C. § 881. On May 10, 1990, the government filed a motion for summary judgment, or alternatively, to dismiss. On June 5, 1990, the district court granted the government's motion for summary judgment based on Bowman's failure to file a timely opposition.[1] On June 15, 1990, Bowman filed a motion to set aside the summary judgment. The district court stated under normal circumstances, it would have set aside the summary judgment based on Bowman's pro se status. Nevertheless, after examining Bowman's opposition to the government's motion for summary judgment, the district court concluded that the government still would be entitled to judgment on the merits. Accordingly, the district court denied Bowman's motion to set aside the summary judgment.
 
 II
 Motion to Set Aside
 
 5
 We review the denial of a motion to set aside a judgment for an abuse of discretion. Swimmer v. IRS, 811 F.2d 1343, 1345 (9th Cir.1987).[2] Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). In forfeiture proceedings, "[o]nce the government shows probable cause that the defendant property qualifies for forfeiture, the burden shifts to the party defending the property to show by a preponderance of the evidence that forfeiture is not appropriate." United States v. Lot 4, Block 5 of Eaton Acres, 904 F.2d 487, 491 (9th Cir.1990).
 
 
 6
 Here, the government submitted evidence along with its motion for summary judgment to support its position that Bowman's property was subject to forfeiture under 21 U.S.C. § 881. See id. In response to the government's motion for summary judgment, Bowman summarily denied the government's factual assertions. Bowman did not present any evidence to support his position, rather, he claimed that he was under no obligation to answer the government's interrogatories and that he was not required to comply with the district court's orders.
 
 
 7
 Bowman's assertions in his response were not sufficient to withstand the government's motion for summary judgment. Cf. Lot 4, Block 5 of Eaton Acres, 904 F.2d at 491 (affidavit submitted by party defending property sufficient to create genuine issue of material fact). Accordingly, after considering Bowman's response, the district court concluded that "even if the Court did set aside the order [for excusable neglect], it would have to go to the merits of the summary judgment and the results would be the same." There was no abuse of discretion. See Swimmer, 811 F.2d at 1345.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bowman's opposition was received on June 8, 1990 along with a motion for continuance and a motion to withdraw counterclaims
 
 
 [2]
 We construe Bowman's motion to set aside the judgment as one brought under Fed.R.Civ.P. 60(b) based on excusable neglect