959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James F. NORTHEY, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 90-70091.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James F. Northey appeals pro se the tax court's order granting the Commissioner of Internal Revenue's ("CIR") motion for judgment on the pleadings based on Northey's failure to state a claim, and the court's imposition of a $3,000 sanctions against Northey pursuant to 26 U.S.C. § 6673. We have jurisdiction pursuant to 26 U.S.C. § 7482(a) and affirm the tax court's decision, as well as its imposition of damages. In addition, we impose sanctions of $1,500 against Northey pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912 for bringing a frivolous appeal.
 
 
 3
 * Standard of Review
 
 
 4
 Whether the tax court's judgment on the pleadings was proper is a question of law which we review de novo. See Grimes v. Commissioner, 806 F.2d 1451, 1453 (9th Cir.1986). The tax court's imposition of sanctions pursuant to 26 U.S.C. § 6673 is reviewed for an abuse of discretion. Id. at 1454.
 
 II
 Merits
 
 5
 On appeal, Northey does not dispute that he earned wages during the tax year in question, 1985, nor does he allege that the CIR made any computing errors in calculating the amount of his tax deficiency based on those wages. Instead, relying on the briefs he submitted in a prior appeal to this court relating to tax year 1984, Northey contends that he is exempt from direct unapportioned federal income tax and that he is not an "individual" subject to federal income tax as defined by the Internal Revenue Code and Treasury Regulations. We previously rejected those arguments and now do so again on the same grounds. See Northey v. Commissioner, No. 89-70356, unpublished memorandum disposition (9th Cir. May 20, 1991).
 
 
 6
 Northey also raised these meritless contentions in his petition to the tax court. These contentions fail to meet the requirements of Rule 34(b)(4) of the Tax Court Rules of Practice and Procedure ("Tax Rule") and fail to state a claim under Tax Rule 40(b).[1] Accordingly, the tax court properly dismissed Nothey's petition. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1991); see also Swimmer v. IRS, 811 F.2d 1343, 1345 (9th Cir.1987) (even pro se petitioners must comply with court rules).
 
 II
 Tax Court Sanctions
 
 7
 Under 26 U.S.C. § 6673, the tax court "may impose a penalty on a taxpayer ... for bringing an action which is frivolous and groundless." Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam).
 
 
 8
 Here, the tax court found that Northey's claims were frivolous and filed primarily for delay and awarded the CIR $3,000 in damages pursuant to section 6673 of the Code. Because we agree that Northey's contentions are frivolous, we find that the tax court did not abuse its discretion by imposing damages. See id.
 
 III
 Appellate Sanctions
 
 9
 The CIR requests sanctions against Northey for bringing this appeal. We have discretion to impose sanctions against litigants, even pro se, for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox, 848 F.2d at 1008-09 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009 (citation omitted). Northey's claims are wholly without merit. Accordingly, we sanction Northey $1,500.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Tax Rule 34(b)(4) requires the petitioner to give clear and concise assignments of each error allegedly committed by the CIR in its determination of his deficiency. 26 U.S.C. § 7453 Tax Ct.R. 34(b)(4). Failure to do so is grounds for dismissal. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th. Cir.1988)
 Tax Rule 40 allows the CIR to bring a motion to dismiss for "failure to state a claim upon which relief can be granted." See 26 U.S.C. § 7453 Tax Ct.R. 40(b).