985 F.2d 577
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Stanley J. TROHIMOVICH, Anna Mae Trohimovich, Defendants-Appellants.
Stanley J. TROHIMOVICH, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley J. TROHIMOVICH, In the matter of tax indebtedness
of, Defendant-Appellant.
VOLVO OF AMERICA CORP., a Delaware Plaintiff-Appellee,
v.
Stanley J. TROHIMOVICH, d/b/a Grays Harbor Motors,
Defendant-Appellant.
Stanley J. TROHIMOVICH, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 92-35049, 92-35050, 92-35192, 92-36691 and 92-36842.
 United States Court of Appeals, Ninth Circuit.
 Nov. 27, 1992.
 
 (Appeal after Remand from, 905 F.2d 1541)
 AFFIRMED IN PART, VACATED IN PART.
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 The July 19, 1991 judgment challenged in appeal no. 92-35049 is summarily affirmed because that judgment was entered in compliance with this court's decision and mandate in United States v. Trohimovich, 905 F.2d 1541 (9th Cir.1990) (unpublished, table only). For the same reasons, the district court's orders denying appellant's motions for stay or relief from judgment are affirmed. This court's March 9, 1992 order consolidating this appeal with no. 92-35050 is vacated, and that appeal shall continue in accordance with the briefing schedule established below.
 
 
 2
 Appeal no. 92-35192 challenges the district court's orders denying appellant's motions to vacate the November 14, 1988 order of levy, which was executed on November 30, 1988. The orders on appeal are summarily affirmed. See Swimmer v. I.R.S., 811 F.2d 1343 (9th Cir.1987) (denial of motion to amend or vacate judgment reviewed for clear abuse of discretion). To the extent that this court has jurisdiction over the original 1988 judgment due to the Magistrate's inaction on the timely motion for reconsideration, the appeal is dismissed as moot. The levy order has been executed upon, and there is no relief available to appellant in this appeal.
 
 
 3
 Appeal no. 92-36691 challenges the district court's denial of appellant's third motion to vacate a 1984 judgment. This court has no jurisdiction over the original judgment or the denial of the previous motions to vacate because the district court denied the timely tolling motion on January 7, 1985, and appellant did not file this notice of appeal until August 27, 1992. See Fed.R.App.P. 4(a)(4). This appeal is timely only as to the August 7, 1992 denial of the November 12, 1991 motion to vacate the judgment. That order is summarily affirmed. See Backlund v. Barnhart, 778 F.2d 1386 (9th Cir.1985) (denial of motion to vacate proper where no new arguments raised).
 
 
 4
 Appeal no. 92-36842 challenges the district court's denial of appellant's motion for the court to notice application of 18 U.S.C. § 1001. The district court's order is summarily affirmed. The action below was closed in August 1991, and the timely appeal from that final judgment has been dismissed by this court. Nothing further is pending in the district court in this matter, and the motion is irrelevant, improper and meaningless in the context of the action below. See Federal Savings and Loan Ins. Corp. v. Reeves, 816 F.2d 130 (4th Cir.1987) (Federal False Claims Act does not provide basis for civil claim or action).
 
 
 5
 In sum, the orders challenged in appeal nos. 92-35049, 92-35192, 92-36691 and 92-36842 are affirmed. No further filings will be accepted in these closed dockets. Appeal no. 92-35050 shall proceed as follows: appellee's answering brief is due December 18, 1992 and appellant's optional reply brief is due January 4, 1993.