24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Carol BALZER, Plaintiff-Appellant
v.
COUNTY OF KERN, County of Kern, Fire Department; Thomas P.
McCarthy; County of Kern, Fire Chief; Schuyler T. Wallace,
Deputy Chief Kern County Fire Department; Nick Dunn, in his
individual and official capacity as a Captain of Kern County
Fire Department; David Lomas, in his individual and
official capacity as an Engineer of Kern County Fire
Department; et al, Defendants-Appellees
 No. 93-16125.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1994.*
Decided April 29, 1994.
 
 Before: FLETCHER, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carol Balzer ("Balzer") appeals the district court's denial of her Fed.R.Civ.P. 60(b) motion for reconsideration. She argues the district court erred in not granting her request for a preliminary injunction against the County of Kern ("the County"), which, she claims, is applying its safety regulations selectively against her. We affirm.
 
 
 3
 Balzer filed her motion for reconsideration pursuant to Rule 60(b), which does not extend the time allowed to appeal the underlying order. Swimmer v. Internal Revenue Service, 811 F.2d 1343, 1344 (9th Cir.1987). In considering an appeal from a Rule 60(b) motion, we can consider "only the denial of the motion for review, not the merits of the underlying judgment." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). Therefore, because this appeal was filed more than six months after the district court initially denied Balzer's request for an injunction, we do not have jurisdiction to review the original denial. We must confine our review to the district court's denial of Balzer's Rule 60(b) motion. Furthermore, we can reverse the denial of a Rule 60(b) motion "only upon a clear showing of abuse of discretion." Id.
 
 
 4
 In support of her motion for reconsideration, Balzer argued, " 'new or different facts or circumstances' now exist which did not exist at the time the parties were last before this court, which are sufficient to warrant the court's reconsideration of plaintiff's motion." The district court considered and discussed this new evidence before denying Balzer's motion for reconsideration. The court concluded that the habeas relief granted to Stan Balzer, an employee of Balzer Enterprises, was irrelevant to this action because the court had not relied on his conviction in denying the injunction, that the photographs of paint failure did not establish causation or irreparable injury, and that the new evidence did not prove either retaliation or selective enforcement. In reaching these conclusions, the district court did not clearly abuse its discretion.
 
 
 5
 Balzer argues that the district court failed to make sufficient findings of fact in both its original order denying the preliminary injunction and its subsequent order denying reconsideration. We will not consider her attack on the original order, both because she failed to raise this issue in her motion for reconsideration and because we do not have jurisdiction to review the original order. Molloy, 878 F.2d at 315. With respect to the order denying reconsideration, Fed.R.Civ.P. 52 does not require findings of fact in Rule 60(b) orders. Rule 52(a) states, "Findings of fact and conclusions of law are unnecessary on decisions of motion under Rule 12 or 56 or any other motion except as provided in subdivision (c) of this rule." Fed.R.Civ.P. 52(a) (1993) (emphasis added). Because subdivision (c) does not apply, Rule 52 does not require the district court to make findings of fact when ruling on motions for reconsideration.
 
 
 6
 The district court's denial of Balzer's motion for reconsideration is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3