29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William L. ECHOLS, Plaintiff-Appellant,
v.
YUKON TELEPHONE CO., INC.; National Exchange Carrier
Association, Inc.; the Board of Directors of the
National Exchange Carrier Assoc. Inc.,
Defendants-Appellees.
 No. 93-36071.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 16, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William L. Echols appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion for relief from judgment and his two motions for reconsideration of that order in his action against the Yukon Telephone Co., et al ("Yukon"). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 On March 28, 1990, Echols filed his complaint in district court against Yukon alleging various causes of action arising out of his termination of employment. On July 26, 1991, the district court rendered a judgment dismissing Echols's action on the grounds that his complaint failed to state a claim under federal law and that the district court lacked jurisdiction over Echols's state law claims. On August 20, 1992, we affirmed the district court's dismissal. On March 24, 1993, the Supreme Court denied Echols's petition for a writ of certiorari.
 
 
 5
 On July 12, 1993, Echols filed a motion in the district court seeking relief from the July 26, 1991 judgment. On July 26, 1993, the district court denied Echols's motion finding that Echols had failed to allege any facts that would warrant relief under Rule 60(b). On August 2, 1993, Echols moved for reconsideration of the district court's July 26, 1993 order. The district court denied Echols's second motion for reconsideration on September 17, 1993. On September 28, 1993, Echols again sought reconsideration of the district court's decision which was denied on October 29, 1993. Echols filed a notice of appeal on November 5, 1993.
 
 II
 Merits
 
 6
 We have jurisdiction to review Echols's second and third motions for reconsideration. See Swimmer v. IRS, 811 F.2d 1343, 1344 (9th Cir.1987). We lack jurisdiction to consider the merits of the underlying judgment or Echols's first motion for reconsideration. See id.
 
 
 7
 We review the denial of a Rule 60(b) motion for abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (quotations and citations omitted).
 
 
 8
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 9
 Here, as the basis for his second motion for reconsideration, Echols alleged (1) improper communications between the district court and the appellees, (2) the fact that the district court issued its July 26, 1993 order denying his motion for reconsideration prior to receiving Echols's reply papers, and (3) the district court's allegedly erroneous dismissal of his underlying action for lack of jurisdiction. The district court denied Echols's motion for reconsideration, stating that it had not engaged in any ex parte communication and that it had properly denied Echols's motion for reconsideration before Echols filed his reply papers because the motion was clearly meritless.
 
 
 10
 Echols's third motion for reconsideration reiterated the contentions in his first and second motions regarding the district court's original dismissal of his action for lack of jurisdiction. The district court denied the motion finding it repetitive and meritless.
 
 
 11
 Given these circumstances, we agree with the district court that Echols's motions for reconsideration lacked merit. Accordingly, we find no abuse of discretion in the district court's denials of Echols's post-judgment motions.
 
 
 12
 Finally, pursuant to Yukon's request, we award costs on appeal against Echols as a sanction for filing a frivolous appeal. See Fed.R.App.P. 38; Scott v. Younger, 739 F.2d 1464, 1467 (9th Cir.1984) (sanctions for and costs appropriate when appeal is frivolous).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Echols's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3