28 F.3d 105
 74 A.F.T.R.2d 94-5109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gilbert Michael DODGE, Plaintiff-Appellant,
v.
UNITED STATES INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 93-35972.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 17, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gilbert Michael Dodge appeals pro se the district court's denial of his motion for reconsideration and his two motions to alter or amend the district court's judgment dismissing for lack of subject matter jurisdiction his action against the Internal Revenue Service ("IRS"). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 In his complaint, Dodge essentially alleged that the IRS lacked authority to collect taxes from his "rightful activities." The district court dismissed Dodge's action for lack of jurisdiction, holding that to the extent that Dodge sought a refund of taxes paid, his suit was subject to dismissal because he had not met the jurisdictional requirements for a refund suit. The district court entered its judgment dismissing Dodge's action on June 16, 1993. On June 25, Dodge filed a timely motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e). On August 12, 1993, the district court denied the Rule 59(e) motion. On August 23, 1993, Dodge filed a second Rule 59(e) motion which the district court denied on August 25, 1993. On September 21, 1993, Dodge filed a motion for reconsideration which the district court denied on September 22, 1993. On October 15, 1993, Dodge filed his notice of appeal.
 
 II
 Jurisdiction
 
 5
 "We must first determine which actions of the district court are properly before us on appeal." Swimmer v. IRS, 811 F.2d 1343, 1344 (9th Cir.1987). "The sixty day period for filing a notice of appeal is mandatory and jurisdictional." Id. A motion pursuant to Fed.R.Civ.P. 59 extends the time for appeal. See id.; Fed.R.App.P. 4(a)(4). "A motion pursuant to Fed.R.Civ.P. 60 does not." Id.
 
 A. Underlying Action
 
 6
 The district court's June 15, 1993 judgment dismissing Dodge's underlying action is not properly before us. Dodge's first Rule 59(e) motion filed on June 25, 1993 tolled the time to take an appeal from the judgment until the district court denied the Rule 59(e) motion on August 12, 1993. See id. Dodge then had 60 days from August 12, or until October 11, 1993, to file his notice of appeal from the underlying judgment. Dodge did not file his notice of appeal until October 15, 1993, four days after the time in which to appeal the judgment had expired. Accordingly, the notice of appeal is not timely as to the underlying judgment. See id.[1]
 
 B. Successive Post-Judgment Motions
 
 7
 The district court's denials of Dodge's three post-judgment motions are properly before us.
 
 
 8
 The district court denied Dodge's first Rule 59(e) motion on August 12, 1993. Dodge's second Rule 59(e) motion was filed on August 23, 1993 within 10 days of the district court's denial of the first Rule 59(e) motion. Accordingly, the time for appealing the denial of the first motion was tolled until August 25, 1993, when the district denied Dodge's second motion. Thus, Dodge had sixty days from August 25, or until October 25, to file a notice of appeal from the denial of the first and second Rule 59(e) motions. Accordingly, Dodge's notice of appeal filed on October 15, 1993 was timely as to the first and second Rule 59(e) motions.
 
 
 9
 Dodge's third post-judgment motion filed September 21, 1993 is properly before us because Dodge filed his appeal within sixty days of the district court's September 22, 1993 order denying the motion. We construe the motion as a motion for reconsideration pursuant to Rule 60(b) because it was filed more than 10 days after the district court's previous rulings. See Fed.R.Civ.P. 60(b).
 
 II
 Denial of Post-Judgment Motions
 
 10
 We review the denial of Rule 59 and Rule 60(b) motions for abuse of discretion. See Swimmer, 811 F.2d at 1345.
 
 A. First and Second Rule 59(e) Motions
 
 11
 It is appropriate for a district court to grant a Rule 59(e) motion in three circumstances: (1) when the court is presented with newly discovered evidence, (2) when the court committed clear error or the judgment was manifestly unjust, or (3) when there is an intervening change in controlling law. School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993).
 
 
 12
 In his first and second Rule 59(e) motions, Dodge reiterated his assertion that he was not subject to taxation for his "rightful activities." Dodge also submitted "new evidence" in the form of an IRS letter denying his administrative claim for a refund. The court denied the Rule 59(e) motions, finding that Dodge's "new evidence" failed to show that he had paid the taxes in question. Accordingly, the court concluded that its dismissal of Dodge's underlying action was correct. We agree.
 
 
 13
 In order to bring an action against the United States for a refund of federal taxes, the taxpayer must meet certain jurisdictional prerequisites. Specifically, the facts in the complaint must demonstrate that the taxpayer has paid the tax liability at issue in full, and that he properly filed an administrative claim for the refund. See Flora v. United States, 362 U.S. 145, 177 (1960) (taxpayer must pay full amount of assessment before challenging its validity in refund action); Korobkin v. United States, 988 F.2d 975, 976 (9th Cir.1993). Although Dodge's "new evidence" may have fulfilled the second requirement, Dodge failed to submit any evidence showing that he met the first requirement by fully paying the tax. See Flora, 362 U.S. at 177. Because Dodge failed to offer any other grounds for relief pursuant to Rule 59, the district court did not abuse its discretion by denying Dodge's first and second Rule 59(e) motions. See id.
 
 B. Motion to Reconsider
 
 14
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 15
 Here, in his motion for reconsideration, Dodge reiterated his contentions that he has never been involved in "taxable activities." Given these circumstances, the district court did not abuse its discretion by denying Dodge's motion for reconsideration. See Swimmer, 811 F.2d at 1345.
 
 III
 Sanctions
 
 16
 The IRS has requested sanctions against Dodge for filing a frivolous appeal. "An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." Swimmer, 811 F.2d at 1345. We find Dodge's appeal to be frivolous and therefore award sanctions against Dodge in the amount of $1,500.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dodge's subsequent Rule 59(e) motion filed on August 23, 1993 did not toll the period a second time. See Swimmer, 811 F.2d at 1344-45; Wages v. IRS, 915 F.2d 1230, 1233 n. 3 (9th Cir.1990) (successive Rule 59 motions generally do not affect the finality of the judgment), cert denied, 498 U.S. 1096 (1991)