60 F.3d 835
 76 A.F.T.R.2d 95-5733
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America; Julie Lund, Revenue Officer of the
Internal Revenue Service, Plaintiffs-Appellees,
v.
Leonard SAYE, Defendant-Appellant.
 No. 94-17041.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 1
 Before: O'SCANNLAIN, LEAVY, and HAWKINS Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Leonard Saye appeals pro se the district court's order enforcing an Internal Revenue Service summons seeking information regarding Saye's tax liabilities for his 1978, 1979, 1980, and 1983 tax years. We dismiss this portion of his appeal for lack of jurisdiction. Saye also appeals the district court's denial of his (1) motion for reconsideration, (2) motion for clarification of the district court's denial of his motion for reconsideration, and (3) request for a jury trial. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 A. Jurisdiction
 
 4
 We lack jurisdiction over the underlying judgment enforcing the summons because Saye failed to file a notice of appeal within 60 days of the district court's denial of his first motion for reconsideration. See Fed. R. App. P. 4(a)(4); Swimmer v. IRS, 811 F.2d 1343, 1344 (9th Cir. 1987); cf. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264; Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1418-19 (9th Cir. 1984). Thus, to the extent that Saye is seeking review of the final judgment, we dismiss that part of his appeal. See Fed. R. App. P. 4(a)(4); Browder, 434 U.S. at 264; Sierra On-Line, Inc., 739 F.2d at 1418-19.
 
 
 5
 The district court's denial of Saye's motion for clarification and the district court's denial of Saye's request for a jury trial are properly before us because Saye filed a notice of appeal within 60 days of the district court's orders. See Fed. R. Civ. P. 4(a)(1); Swimmer, 811 F.2d at 1344. In addition, construing Saye's motion for clarification as a motion for reconsideration under Fed. R. Civ. P. 59(e), we also have jurisdiction over the district court's denial of Saye's first motion for reconsideration because the time for filing an appeal from the district court's denial of that motion was extended by the filing of Saye's second motion within 10 days of the district court's order. See id.
 
 B. Merits
 
 6
 Saye fails to make any arguments regarding the denial of his motion for clarification and request for a jury trial. Because he has not raised any arguments on appeal regarding those issues, any arguments he might have made are deemed abandoned. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) ("[i]ssues raised in a brief which are not supported by argument are deemed abandoned"). Accordingly, the district court's orders are affirmed.
 
 
 7
 The district court properly denied Saye's motion for reconsideration because Saye failed to meet the requirements for relief under either Rule 59(e) or 60(b). See Fed. R. Civ. P. 59(e), 60(b); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).
 
 
 8
 DISMISSED in part, and AFFIRMED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3