76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Edward EVANSON, Defendant-Appellant.
 No. 95-30002.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Edward Evanson, a former federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion and his Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. We review for abuse of discretion both the denial of a section 2255 motion as successive, Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994), and the denial of a Rule 59(e) motion, Swimmer v. IRS, 811 F.2d 1343, 1345 (9th Cir.1987). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 The district court properly denied Evanson's third section 2255 motion as successive because Evanson raises claims that have previously been decided on their merits. See Campbell v. Wood, 18 F.3d 662, 675-76 (9th Cir.) (petitioner cannot create a different ground merely by couching his argument in different language), cert. denied, 114 S.Ct. 2125 (1994); Molina v. Rison, 886 F.2d 1124, 1127-29 (9th Cir.1989) (a ground is successive if the gravamen of the legal claim was adjudicated on its merits in a prior proceeding). Even were we to accept that any claim which Evanson now raises is so different from his previously raised claims as to be new, any such claim would be barred under the abuse of the writ doctrine. See Rule 9(b), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255; cf. McCleskey v. Zant, 499 U.S. 467 (1991). Evanson's contention that the district court abused its discretion by denying his Fed.R.Civ.P. 59(e) motion is also without merit.
 
 
 4
 A district court may grant a Rule 59(e) motion when: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the judgment was manifestly unjust, or (3) there is an intervening change in controlling law. School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993), cert. denied, 114 S.Ct. 2742 (1994).
 
 
 5
 In his Rule 59(e) motion, Evanson merely reiterates his assertions that he was convicted based on evidence seized pursuant to an invalid search and that his earlier section 2255 motions had not been decided on the merits. Accordingly, Evanson failed to meet the requirements of Rule 59(e).[2] See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Evanson filed his motion for reconsideration within ten days after the November 18, 1994 entry of judgment, we have jurisdiction to review both the district court's denial of Evanson's 28 U.S.C. § 2255 motion and his Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. See Swimmer, 811 F.2d at 1344
 
 
 [2]
 Evanson fails to make any arguments on appeal regarding the denial of his motion to stay payment of the fine, and thus any arguments he might have made are deemed abandoned. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988)