91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pedro Ivan CASTRO; Mercedes Castrillo Castro; Ivan Noel
Castro; Carlos Ivan Castro; Evelyn Carolina
Castro, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70898.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, Nos. Alc-jgz-ems, Ajp-otl-cku, Atc-kiw-mok, Ape-hyd-vgo and Aud-hiv-llz.
 BIA
 REVIEW DENIED IN PART; DISMISSED IN PART.
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pedro Ivan Castro, his wife and their children, natives and citizens of Nicaragua, petition for review of the Board of Immigration Appeals' dismissal of their appeal from an immigration judge's decision denying their motion to reopen deportation proceedings held in absentia. We deny in part and dismiss in part the petition for review.
 
 
 3
 The petitioners contend that they demonstrated exceptional circumstances excusing their failure to attend the deportation hearing. Pedro Castro admits that he received the deportation hearing notices sent by the Office of the Immigration Judge. We agree with the BIA that his subsequent loss of the unopened notices due to the stress of moving does not qualify as exceptional circumstances beyond his control. See 8 U.S.C. § 1252b(f)(2). Accordingly, we deny this portion of the petition for review.
 
 
 4
 The petitioners also contend that the BIA failed to consider the INS's statement of non-opposition to their motion to reopen and the INS failed to establish by clear and convincing evidence that they were deportable. We lack jurisdiction to consider these issues because they failed to exhaust their administrative remedies before the BIA. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994). The petitioners' pro se status before the BIA does not excuse their failure to exhaust their administrative remedies. See Swimmer v. IRS, 811 F.2d 1343, 1345 (9th Cir.1987). Accordingly, we dismiss this portion of the petition for review.
 
 
 5
 PETITION FOR REVIEW DENIED IN PART; DISMISSED IN PART.[1]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to consider the petitioners' contention, which they raised for the first time in their reply brief, that the hearing notices were defective because they were not in Spanish. See United States v. Rewald, 889 F.2d 836, 854 n. 10 (9th Cir.1989), amended, 902 F.2d 18 (9th Cir.1990)