**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTHONY REGAN,

          Plaintiff - Appellant,

  v.

DEPARTMENT OF PUBLIC SAFETY,
State of Hawaii, et al.

          Defendants - Appellees.

No. 08-16042

D.C. No. CV-07-00029 JMS-BMK

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted November 5, 2010[**]
San Francisco, California

Before: GOULD and IKUTA, Circuit Judges, and KORMAN,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, United States District Judge, Eastern District of New York, sitting by designation.

1

We assume familiarity with the procedural background underlying this case. Briefly, while incarcerated at the Halawa Correctional Facility in Aiea, Hawaii, Anthony Regan filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. Proceeding *pro se* and *in forma pauperis*, Regan's complaint alleged various constitutional violations and sought recovery on eighteen different claims. After a number of procedural motions and orders, on January 10, 2008, the district court dismissed the complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b).

On January 24, 2008, Regan filed a motion for "reconsideration of January 9 (sic) dismissal of Plaintiff's Civil Rights action," pursuant to Federal Rule of Civil Procedure 59, which was denied on February 11, 2008. Subsequently, on February 22, 2008, Regan filed a motion for "relief from the judgment of dismissal entered on January 10, 2008." The motion, which invoked Federal Rule of Civil Procedure 60, was denied on March 24, 2008.

On April 21, 2008, Regan filed a notice of appeal, which stated that:

> Plaintiff here-by (sic) appeals the district court's March 24, 2008 "Order denying motion for relief from judgment" which plaintiff received on March 28, 2008 and is connected to the court's January 9, 2008 Order dismissing plaintiff's complaint with prejudice, which he also appeals to the Ninth Circuit Court of Appeals.

The notice of appeal "also mentions, briefly" an order, which had set aside a default

2

judgment against the defendants much earlier in the proceedings, and alleges *ex parte* conferences that were not recorded.

While the notice of appeal expressly states that Regan was appealing from the district court's March 24, 2008 order denying his Rule 60 motion, Regan's brief does not set forth any reasons why that order should be reversed. Because arguments not raised by a party in his opening brief are deemed waived, *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005); *Wilcox v. Comm'r*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988) (applying rule to *pro se* litigant), we decline to search the record for error. Indeed, it seems clear that Regan's real concern is the order and judgment dismissing the complaint, which was entered on January 10, 2008. *See* Appellant's Informal Br. 3-B ("Plaintiff's action should not of (sic) been dismissed and he should of (sic) been granted more time in which to file his [First Amended Complaint]."). Indeed, Regan's notice of appeal states that he is also appealing from the "court's January 9, 2008 Order dismissing plaintiff's complaint with prejudice."

Nevertheless, the appeal from that order, which was actually entered on January 10, 2008, is time barred. Specifically, assuming that Regan's first post-judgment motion, which was filed on January 24, 2008, is treated as a motion to alter or amend the January 10, 2008 judgment, it tolled the time for filing a notice of appeal until February 11, 2008, when it was denied. Thus, Regan was required to file his notice

of appeal from the January 10th dismissal by March 12, 2008, thirty days after his motion for reconsideration was denied. Fed. R. App. P. 4(a)(1)(A). The notice of appeal was not filed until April 21, 2008.

Nor did Regan's motion for relief from the underlying judgment pursuant to Federal Rule of Civil Procedure 60, which was filed on February 22, 2008, toll the period for filing a notice of appeal from the order and judgment dismissing the complaint on January 10, 2008, because under Federal Rule of Appellate Procedure 4(a)(4)(A)(vi), a motion under Rule 60 only tolls the period in which an appellant must file the notice of appeal if that motion is filed within ten days after the original judgment was entered. Moreover, Regan's Rule 60 motion cannot be reclassified as a Rule 59 motion with respect to the January 10, 2008 judgement and order, *cf. Swimmer v. IRS*, 811 F.2d 1343, 1344 (9th Cir. 1986) *abrogated on other grounds by Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997), because it was filed more than ten days after that order. Reclassifying it as a Rule 59 motion would not toll the time for appeal with respect to the January 10th order and judgment because it was not filed within ten days of that order. Fed. R. Civ. P. 59(e).

Because Regan failed to file his notice of appeal by March 12, 2008, some three months after the January 10, 2008 order and judgment, his appeal from that judgment and order is time barred. Moreover, his appeal from the denial of his Rule 60 motion

4

for relief would not, in any event, provide a basis for bringing the entire underlying judgment up for review.  *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978); *Floyd v. Laws*, 929 F.2d 1390, 1400 (9th Cir. 1991).

AFFIRMED