FILED

AUG 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GARY B JEFFERSON,

                Plaintiff - Appellant,

    v.

TIME WARNER CABLE ENTERPRISES
LLC,

                Defendant - Appellee.

No. 12-57174

D.C. No. 2:11-cv-05637-GW-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted August 12, 2014[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Gary Jefferson appeals pro se from an adverse grant of summary judgment to

Time Warner Cable ("TWC") on several claims brought under various federal anti-

discrimination statutes and California law. We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We may affirm the district court on any basis supported by the record. *Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992). Reviewing de novo, *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011), we affirm.

**AMERICANS WITH DISABILITIES ACT CLAIMS**

1.     The district court properly limited the scope of its subject matter jurisdiction to the factual allegations in Jefferson's EEOC complaint, *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994), narrowing its consideration of Jefferson's challenge to TWC's implementation of Scorecard and its decision to use a performance-based scheduling system. Both are described in the EEOC complaint. Any other conduct falls outside the district court's jurisdiction.

To show a prima facie case of disparate treatment under the ADA, Jefferson must show that, within the meaning of the statute, he: "(1) is disabled; (2) is qualified; and (3) suffered an adverse employment action because of [his] disability." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001). Jefferson must also show that the complained-of action "materially" affected a term of his employment. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). Because Jefferson failed to produce any evidence tending to show that either the issuance of

2

verbal warnings or the rescheduling of his shift materially affected the terms of his employment, TWC is entitled to judgment as a matter of law on this claim.[1]

2.    To survive summary judgment on a disparate impact claim, a plaintiff must provide at least some evidence, direct or circumstantial, that a facially neutral policy falls more harshly on a protected group than the whole. *Lopez v. Pac. Maritime Ass'n*, 657 F.3d 762, 766 (9th Cir. 2011). Here, Jefferson merely alleges that TWC's failure to modify Scorecard for disabled employees has a disparate impact on all disabled workers. Jefferson has produced no evidence suggesting a group or defined subgroup of disabled employees bears a greater burden under the Scorecard or shift-scheduling policies. *See id.* at 767.

3.    To the extent Jefferson administratively exhausted his failure to accommodate claim and participated in the interactive process, he must show "(1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *Allen v. Pac. Bell*, 348 F.3d

---

[1] Assuming, without deciding, that there is an independent cause of action for harassment under the ADA, Jefferson's claim fails for the same reason—he has shown no material harm. *See Brown v. City of Tucson*, 336 F.3d 1181, 1190 & n.14 (9th Cir. 2003) (recognizing that other circuits have recognized such a claim, but declining to reach the question).

1113, 1114 (9th Cir. 2003) (per curiam). Here, Jefferson is unable to perform the essential functions of his job with a reasonable accommodation. *See Samper v. Providence St. Vincent Medical Center*, 675 F.3d 1233, 1237–38 (9th Cir. 2012) (employee unable to adhere to attendance policy was not a qualified individual and exemption from attendance policy was unreasonable where regular on-site attendance was essential function of the job).

## AGE DISCRIMINATION IN EMPLOYMENT ACT CLAIMS

1. To survive a motion for summary judgment on a disparate treatment claim, Jefferson must produce some evidence, either direct or circumstantial, tending to show that TWC took an adverse employment action against him because of his age. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1280–81 (9th Cir. 2000); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996). While Jefferson's burden of production at this stage of the litigation is minimal, Jefferson has produced *no* evidence suggesting that use of the Scorecard system or TWC's decision to reschedule him from his daytime shift materially affected his employment. Jefferson also failed to present any evidence suggesting that these actions were "because of" Jefferson's or any other employee's age. *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 745 (9th Cir. 2003).

2.      Similarly, Jefferson's disparate impact claim under the ADEA fails because he produced no evidence, direct or circumstantial, showing "(1) the occurrence of certain outwardly neutral employment practices, and (2) a significantly adverse or disproportionate impact on persons of a particular age produced by the employer's facially neutral acts or practices." *Id.* at 749 (brackets and internal quotations marks omitted).

## FAMILY AND MEDICAL LEAVE ACT CLAIM

Jefferson's interference claim fails because the heart of it—his allegation that Scorecard prohibited him from earning bonuses while on protected leave—is not cognizable under the FMLA. *See* 29 C.F.R. § 825.215(c)(2) ("[I]f a bonus or other payment is based on the achievement of a specified goal such as hours worked, products sold or perfect attendance, and the employee has not met the goal due to FMLA leave, then the payment may be denied, unless otherwise paid to employees on an equivalent leave status for a reason that does not qualify as FMLA leave.").[2]

## PROCEDURAL CLAIMS

Finally, Jefferson argues the district court improperly denied his motion for reconsideration and relief from the judgment. Reviewing for an abuse of discretion,

---

[2] Jefferson does not claim that Scorecard distinguishes between protected and unprotected leave.

*Swimmer v. I.R.S.*, 811 F.2d 1343, 1345 (9th Cir. 1987) (Rule 59), *abrogated on other grounds*, *Briones v. Riviera Hotel & Casino*, 133 F.3d 379, 382 (9th Cir. 1997); *S.E.C. v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001) (Rule 60), we affirm. The district court repeatedly suggested that Jefferson obtain counsel, referred Jefferson to the court's pro se resource center, and afforded Jefferson multiple opportunities to cure his defective filings. In light of these efforts, the district court neither abused its discretion nor violated Jefferson's due process rights when it construed Jefferson's motion as one brought under Federal Rules of Civil Procedure 59 and 60 and denied relief. *Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 & nn.5 & 7 (9th Cir. 1986).[3]

**AFFIRMED.**

---

[3] We summarily affirm the district court's grant of summary judgment on Jefferson's other claims against TWC, including claims for breach of fiduciary duty, fraud, and breach of contract. These claims have no basis in the law.

To the extent Jefferson appeals from the district court's denial of his motion to amend his complaint, we hold Jefferson waived this argument by failing to adequately address this issue in his opening brief. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).