NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL ARELLANO, | No. 20-55494 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-02401-MMA-JLB |
| v. | |
| L. HELMICK, Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| E. OJEDA, Correctional Sergeant, | |
| Defendant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted February 17, 2021[**]

Before: FERNANDEZ, BYBEE, and BADE, Circuit Judges.

California state prisoner Raul Arellano appeals pro se from the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

court's orders denying his post-judgment motions in his 42 U.S.C. § 1983 action alleging an Eighth Amendment claim. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court did not abuse its discretion in denying Arellano's motions for reconsideration because Arellano failed to demonstrate any basis for relief. *See id.* at 1262-63 (setting forth grounds for reconsideration); *see also Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right."); *Horton v. City of Santa Maria*, 915 F.3d 592, 600 (9th Cir. 2019) (the inquiry as to whether a constitutional right is clearly established must be undertaken "in light of the specific context of the case, not as a broad general proposition" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Arellano's motion to reopen the action because Arellano did not demonstrate grounds for relief. *See Weeks v. Bayer*, 246 F.3d 1231, 1234, 1236 (9th Cir. 2001) (standard of review for motion to reopen; holding that an action is not properly reopened "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" (citation and internal quotation marks omitted)).

20-55494

The district court did not abuse its discretion in denying Arellano's motion to strike defendants' motion for summary judgment because Arellano did not demonstrate grounds to strike the motion. *See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005) (setting forth standard of review).

We do not consider Arellano's contentions regarding the underlying judgment because Arellano failed to file a timely notice of appeal of that judgment. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days of judgment); Fed. R. App. P. 4(a)(4)(A)(iv), (vi) (post-judgment tolling motions must be filed within 28 days of the entry of judgment); *Swimmer v. IRS*, 811 F.2d 1343, 1344-45 (9th Cir. 1987) (an untimely second motion for reconsideration does not toll time to appeal underlying judgment), *abrogated on other grounds by Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997).

**AFFIRMED.**