**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE J. GONSALEZ,

Plaintiff-Appellant,

v.

EMPLOYMENT DEVELOPMENT
DEPARTMENT; et al.,

Defendants-Appellees.

No. 20-55255

D.C. No. 2:18-cv-08607-AB-ADS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted February 17, 2021[**]

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

    Jose J. Gonsalez appeals pro se from the district court's post-judgment

orders in his action alleging federal claims arising out of a state audit and tax

assessment.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an

abuse of discretion.  *Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1255, 1262 (9th Cir. 1993). We affirm.

The district court did not abuse its discretion in denying Gonsalez's Fed. R. Civ. P. 60(b)(3) motions because Gonsalez failed to demonstrate any basis for relief. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257, 1260 (9th Cir. 2004) (to prevail under Rule 60(b)(3), the "moving party must prove by clear and convincing evidence" that judgment was obtained through fraud, misrepresentation, or other misconduct that was not "discoverable by due diligence before or during the proceedings" (citation and internal quotation marks omitted)).

We do not consider Gonsalez's contentions regarding the underlying judgment because Gonsalez failed to file a timely notice of appeal as to that judgment. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days of judgment); *Swimmer v. IRS*, 811 F.2d 1343, 1344-45 (9th Cir. 1987) (second motion for reconsideration does not toll time to appeal underlying judgment), *abrogated on other grounds by Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including the district court's denial of Gonsalez's motion to stay, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**