**David T. JORDAN, Appellee,**

v.

**CLAYTON BROKERAGE COMPANY OF ST. LOUIS, INC., Appellant.**

**No. 91–3606.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1992.

Decided Sept. 18, 1992.

Kenton E. Knickmeyer, St. Louis, Mo., argued (Mike W. Bartolacci, on the brief), for appellant.

Matthew K. Partin, Kansas City, Mo., argued, for appellee.

Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

Clayton Brokerage Company appeals from a decision of the district court[1] denying Clayton's motions to vacate the judgment against it and to vacate the punitive damages award. We affirm.

---

1. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

## I.

David Jordan established a commodity futures trading account with Clayton Brokerage Company (Clayton) in mid–1980. One of the brokers at the firm fraudulently churned the account, resulting in a $7,923.50 actual loss to Jordan and $5,292.00 in commissions to the broker. Jordan sued, claiming breach of fiduciary duty, fraudulent misrepresentation, and violation of the Commodity Exchange Act (CEA), 7 U.S.C. § 6(b). The jury found for Jordan and awarded actual damages, as well as punitive damages in the amount of $400,000. On appeal, we upheld the punitive damages award as not excessive under Missouri law. *Jordan v. Clayton Brokerage Co.*, 861 F.2d 172 (8th Cir.1988) (*Jordan I*). We also rejected Clayton's claims that punitive damages awards require a standard of proof higher than "by a preponderance" and that admission of evidence of Clayton's net worth violated its equal protection rights. *Id.*

Clayton petitioned the Supreme Court for a writ of certiorari. The Supreme Court remanded the case to us for consideration in light of its decision in *Pacific Mutual Life Ins. Co. v. Haslip*, — U.S. —, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991). — U.S. ——, 111 S.Ct. 1298, 113 L.Ed.2d 233. We remanded it in turn to the district court. Clayton moved to vacate the judgment and for judgment in its favor on the claims for fraudulent misrepresentation and breach of fiduciary duty. Clayton also moved to vacate the punitive damages award on the grounds that the award violated Clayton's rights to due process and equal protection. The district court denied these motions, and Clayton now appeals.

## II.

The first issue raised in Clayton's petition for certiorari was whether a civil punitive damages award violates a defendant's right under the eighth amendment to be free from excessive fines. Clayton dropped this issue on remand to the district court, as well it should have in the light of the Court's intervening decision in *Browning–Ferris Indus. v. Kelco Disposal, Inc.*, 492 U.S. 257, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989).

The second issue Clayton raised was whether the Commodity Exchange Act preempts state common law for fraud. The district court believed that the issue was outside the scope of the Supreme Court's remand. We agree. Clayton contends that the Supreme Court, by granting the petition for certiorari and remanding for reconsideration in the light of *Haslip*, directed the court to consider all of the issues raised in its petition. This argument is without merit. *Haslip* does not involve the CEA. Thus, this is a new issue before us. Preemption is an affirmative defense which Clayton did not plead. *See First Nat'l Bank v. Aberdeen Nat'l Bank*, 627 F.2d 843, 851 (8th Cir.1980); Fed.R.Civ. Proc. 8(c). " 'As a general rule, we do not consider arguments or theories on appeal that were not advanced in the proceedings below.' " *Warren v. City of Lincoln, Neb.*, 864 F.2d 1436, 1439 (8th Cir.) (en banc) (quoting *Wright v. Newman*, 735 F.2d 1073, 1076 (8th Cir.1984)), *cert. denied*, 490 U.S. 1091, 109 S.Ct. 2431, 104 L.Ed.2d 988 (1989); *see also Hall v. Gus Constr. Co.*, 842 F.2d 1010, 1016, 1017 (8th Cir.1988). This issue is not properly before us, and we will not consider it.

■ The third issue Clayton raised was whether a punitive damages award is constitutionally permissible when wrongdoing is established by a preponderance of the evidence rather than beyond a reasonable doubt. Clayton raised this issue initially in the district court and then appealed to this court, where we decided against Clayton. *See Jordan I*, 861 F.2d at 178 ("[P]unitive damages are civil in nature and are therefore not required by the Constitution to be subject to proof beyond a reasonable doubt.").

The Supreme Court considered and explicitly rejected an identical challenge in *Haslip*. — U.S. at —— n. 11, 111 S.Ct. at 1046 n. 11. The Court observed, "[w]e have considered the arguments raised by Pacific Mutual ... as to the constitutional necessity of imposing a standard of proof of punitive damages higher than 'prepon-

derance of the evidence.' ... We are not persuaded, however, that the Due Process Clause requires that much." *Id.* Consequently, Missouri's standard of proof for awarding punitive damages satisfies the constitutional requirements of due process set forth by the Supreme Court in *Haslip.*

The fourth issue Clayton raised was whether a defendant's rights to equal protection and due process are violated when a jury is presented with evidence of the defendant's net worth. This issue was raised before the district court and appealed to this court in *Jordan I,* although it was framed only as an equal protection argument. We decided against Clayton on this issue because the district court admitted evidence of net worth not on the issue of whether to award punitive damages, but for the jury's consideration as to the amount of punitive damages to award if it found first that Clayton's conduct was malicious. *Jordan I,* 861 F.2d at 178. Having reviewed *Jordan I* in the light of *Haslip,* we see no reason to change our decision. Jury Instruction No. 12 informed the jury that it could award punitive damages as punishment for malicious conduct, defined "malicious," told the jury that a punitive damages award was discretionary, and told the jury to determine any damages with "calm discretion and sound reason." The instruction further told the jury that it could award "punitive damages in such a sum as [it] believe[d] would serve to punish defendant and to deter defendant and others from like conduct." Thus, the instruction was essentially similar to that given in *Haslip.*

Once awarded, a court may reduce or reverse punitive damages in Missouri only if the award "is the product of bias or prejudice or is otherwise an abuse of discretion." *Kerr v. First Commodity Corp.,* 735 F.2d 281, 289 (8th Cir.1984). In making this assessment, the court is to take several factors into account. First, punitive damages must bear some relation to the injury inflicted, though they need not bear any relation to the actual damages allowed. *Wheeler v. Community Fed. Sav. & Loan,* 702 S.W.2d 83, 88 (Mo.Ct.

App.1985). The court should then assess the character and standing of the parties, the malice with which the act was done, and the financial condition of the defendant, as well as the amount which would serve to deter the occurrence of similar acts in the future. *Id.* at 87. The court should also consider mitigating and aggravating circumstances. *See Pisha v. Sears Roebuck & Co.,* 496 S.W.2d 280, 284–85 (Mo.Ct.App.1973).

We conclude that Instruction No. 12 and the post-verdict standard of review make what the Court said about the Alabama procedure equally applicable in this case:

> The application of these standards, we conclude, imposes a sufficiently definite and meaningful constraint on the discretion of Alabama fact finders in awarding punitive damages. The Alabama Supreme Court's post-verdict review ensures that punitive damages awards are not grossly out of proportion to the severity of the offense and have some understandable relationship to compensatory damages. While punitive damages in Alabama may embrace such factors as the heinousness of the civil wrong, its effect upon the victim, the likelihood of its recurrence, and the extent of defendant's wrongful gain, the fact finder must be guided by more than the defendant's net worth. Alabama plaintiffs do not enjoy a windfall because they have the good fortune to have a defendant with a deep pocket.

*Haslip,* —— U.S. at ——, 111 S.Ct. at 1045.

Accordingly, we reject Clayton's challenge to the admission of evidence concerning its net worth.

Finally, Clayton argues that the punitive damages award must be vacated because it does not comply with the due process requirements set out in *Haslip.* Specifically, Clayton claims that Missouri law does not apply sufficient constraints on the jury's discretion in making punitive damages awards. The district court noted that Clayton first raised this argument after remand and held that the issue should not be considered. We do not believe that the remand order requires us to consider an

issue raised for the first time on remand. We therefore opt to exercise our discretion against reaching these constitutional claims. *See Warren,* 864 F.2d at 1439 (whether to reach an issue first brought on appeal is a discretionary decision); *Wright,* 735 F.2d at 1077 (same).

The district court's judgment is affirmed.