UNITED STATES of America, Plaintiff,

v.

Omer W. WARE, et al., Defendants.

Civil Action No. 96–2167–GTV.

United States District Court,
D. Kansas.

April 24, 1997.

Nancy M. Landis, Office of United States Attorney, Topeka, Carol E. Schultze, U.S. Department of Justice, Office of Special Litigation–Tax Div., Washington, DC, Jackie N. Williams, Office of United States Attorney, Wichita, for Plaintiff.

Omer W. Ware, Kansas City, pro se.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This tax recovery action comes before the court on plaintiff's motion for entry of default judgment against defendant Omer Ware (Doc. 26). For the reasons set forth below, the motion is granted.

### I. Background

Plaintiff commenced this action in April 1996 seeking to: (1) reduce to judgment certain unpaid federal tax assessments against Omer Ware; (2) foreclose federal tax liens imposed as a result of Mr. Ware's alleged tax liability; (3) set aside a conveyance of real property between Mr. Ware and his ex-wife, Maxine O'Neill, as fraudulent against the United States, or alternatively, to find that Ms. O'Neill is a nominee of Mr. Ware; and (4) order the sale of the controverted real property.

In July 1996, Mr. Ware filed a motion to dismiss the case, which the court denied in a February 27, 1997 Memorandum and Order. On March 28, 1997, plaintiff filed a motion for entry of default judgment based on Mr. Ware's failure to file a responsive pleading subsequent to the denial of his dismissal motion. The court then issued a show cause order on April 1, 1997, mandating that Mr. Ware explain in writing why default judgment should not be entered against him.

On the same day that the court issued its show cause order, Mr. Ware filed a "Notice of Refusal and Answer" in which he makes four contentions: (1) he is "unschooled" in the law and is proceeding *pro se;* (2) he lacks adequate resources to retain an attorney; [1] (3) he is being compelled against his will to litigate against professional attorneys who use the court "for their own personal aggrandizement"; and (4) he was not aware that he was required to file an answer within a specified amount of time. Mr. Ware maintains that his explanations constitute "excusable neglect" and requests an opportunity to perfect his answer and correct his mistakes.

---

1. Specifically, Mr. Ware states he "is not a wealthy man (defendant has less than $1,400.00 in gross receipts each month) and does not have $5,000,000.00 to purchase justice as did O.J. Simpson and therefore must proceed as a citizen in party and do the best he can."

## II. Discussion

Fed.R.Civ.P. 12(a)(4)(A) mandates that a party who has filed a dispositive motion under Fed.R.Civ.P. 12(b) must file an answer within ten days after the court's denial of his dispositive motion. Failure to file an answer warrants the entry of a default judgment against that party. *See* Fed.R.Civ.P. 55(a).

Mr. Ware's decision to proceed without counsel does not excuse his lack of a timely answer. Indeed, a litigant's *pro se* status does not vitiate his obligation to comply with the Federal Rules of Civil Procedure. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994), *cert. denied,* 513 U.S. 1090, 115 S.Ct. 750, 130 L.Ed.2d 650 (1995). Although the Supreme Court has broadened the definition of "excusable neglect," *see Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), a *pro se* defendant's unfamiliarity with the legal system or ignorance of the law does not fall within the definition. *Edwards v. INS,* 59 F.3d 5, 8 (2d Cir.1995); *Swimmer v. IRS,* 811 F.2d 1343, 1345 (9th Cir.1987); *United States v. Gibson,* 832 F.Supp. 324, 327 (D.Kan.1993).

Because defendant has not made a sufficient showing of excusable neglect to justify his failure to file a timely answer, entry of a default judgment is appropriate.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for entry of default judgment (Doc. 26) is granted.

IT IS FURTHER ORDERED that plaintiff shall submit within ten days a proposed default judgment order for the court's signature that is consistent with the findings in this Memorandum and Order.

Copies of this order shall be mailed to defendant and plaintiff's counsel.

**IT IS SO ORDERED.**