DIRECTV, INC., Plaintiff,

v.

Scott **BARRETT**, Cynthia Kriesel, and William Russell, Defendants.

No. CIV.A. 03–2267–GTV.

United States District Court, D. Kansas.

March 18, 2004.

Robert P. Numrich, Todd M. Johnson, Baty, Holm & Numrich, PC, Kansas City, MO, for DIRECTV, Inc.

Cynthia Kriesel, Olathe, KS, pro se.

## MEMORANDUM AND ORDER

VanBEBBER, Senior District Judge.

Plaintiff DIRECTV alleges that Defendants surreptitiously intercepted and decrypted DIRECTV's satellite signals using devices intended for that purpose, ultimately to gain free viewing of satellite television programming. The case arises out of Plaintiff's acquisition of shipping records of distributors of devices intended for satellite television signal interception and decryption. Plaintiff brings five Counts against each Defendant in its Complaint. Counts One and Four of Plaintiff's Complaint concern violations of the Cable Communications Policy Act. Count Two alleges interception and disclosure of DIRECTV's electronic communications in violation of 18 U.S.C. § 2511. Count Three alleges possession, manufacture, and/or assembly of devices used for surreptitious interception of electronic communications in violation of 18 U.S.C. § 2512, and Count Five alleges civil conversion.

The case is before the court on *pro se* Defendant Cynthia Kriesel's motion to dismiss (Doc. 17). Defendant Kriesel asks the court to dismiss Counts Two, Three, and Five of Plaintiff's complaint. For the following reasons, the court grants Defendant Kriesel's motion in part and denies it in part. Specifically, the court dismisses Count Three, but Counts Two and Five remain in the case.

### I. Standard of Review

Defendant Kriesel moves to dismiss certain Counts of Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his

theory of recovery. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed. *Id.;* Fed.R.Civ.P. 8(f). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

## II. Factual Background

Plaintiff has filed numerous cases in this court and around the nation, alleging similar facts against each defendant in each case. The specific facts of this case are not important to the resolution of the motion before the court, but the court will recount the general background of Plaintiff's claims against the defendants in this case and in other cases. The facts as relayed here should not be relied upon for any particular case; they are only intended as general background information.

Plaintiff is in the business of distributing satellite television broadcasts to customers throughout the United States who have paid a subscription fee. Subscribers use a satellite dish to receive Plaintiff's satellite signals and an access card to unscramble the signals. The access cards are electronically programmed by Plaintiff to block or unblock television channels and specific programs depending on the customers' subscription level and individual pay-per-view programming choices. While Plaintiff's scrambled satellite signals can be received by any satellite dish, Plaintiff controls the use of these signals through the access cards.

On various dates, Plaintiff obtained the shipping records, email communications, credit card receipts, and other records of several distributors of devices used to receive and decode satellite signals. Plaintiff then filed suit against the persons identified by the distributors' records, alleging that the only use of the devices is to illicitly decrypt satellite programming, and that the defendants used these devices to display Plaintiff's programming without authorization from Plaintiff.

## III. Discussion

### A. Count Two—18 U.S.C. § 2511

■ Defendant Kriesel first argues that the court should dismiss Count Two of Plaintiff's complaint because the claim is "overinclusive" and "underinclusive." Defendant Kriesel also contends that 18 U.S.C. § 2520 only allows damages for the private viewing of satellite video communications that are not scrambled or encrypted, precluding damages in this case, as Plaintiff's satellite signals are encrypted. Neither argument is availing.

18 U.S.C. § 2511, the statute under which Plaintiff brings Count Two, makes criminal the acts of "intentionally intercept[ing], endeavor[ing] to intercept, or procur[ing] any other person to intercept ... electronic communication"; "intentionally disclos[ing], or endeavor[ing] to disclose, to any other person the contents of ... electronic communication, knowing or having reason to know that the information was obtained through [illegal interception]"; and "intentionally us[ing], or endeavor[ing] to use the contents of ... electronic communication, knowing or having reason to know that the information was obtained through [illegal interception]." 18 U.S.C. § 2511(1)(a), (c), (d). Section 2520 of the same Chapter creates a civil cause of action for violations of § 2511, by stating that "any person whose

wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this [C]hapter [which includes § 2511] may in a civil cause of action recover from any person or entity ... which engaged in that violation...." Prior to § 2520's amendment in 1986, the statute also provided a civil cause of action when a person " 'procure[d] any other person to intercept, disclose, or use such communications.' " *Peavy v. WFAA–TV, Inc.,* 221 F.3d 158, 168 (5th Cir.2000) (quoting 18 U.S.C. § 2520 (1970)). Congress deleted the "procure[d] any other person" language in 1986. *Id.* (citing *Oceanic Cablevision, Inc. v. M.D. Elecs.,* 771 F.Supp. 1019, 1027 (D.Neb.1991)).

Defendant Kriesel argues that Count Two is overinclusive because it alleges, in part, that Defendants "endeavored to intercept, or procured other persons to intercept" Plaintiff's signals in violation of 18 U.S.C. § 2511. In *Peavy v. WFAA–TV, Inc.,* the Fifth Circuit held that Congress eliminated any civil claim for procurement when it amended the language of 18 U.S.C. § 2520 to omit the term "procured." 221 F.3d at 169.

Regardless of whether *Peavy* stands for the proposition Defendant Kriesel advances, the holding in *Peavy* does not persuade this court to hold that Plaintiff has not properly alleged a cause of action for violation of 18 U.S.C. § 2511. Plaintiff alleges that its electronic communications are being "intercepted, disclosed and/or intentionally used" in violation of 18 U.S.C. § 2511. The fact that Plaintiff also alleges that Defendants "procured other persons to intercept" Plaintiff's signals does not invalidate Count Two. Plaintiff's allegations merely mimic those actions listed in 18 U.S.C. § 2511.

Likewise, the fact that Plaintiff alleges that Defendants "endeavored to intercept" Plaintiff's signals also does not mean that Count Two fails to state a claim. As noted above, Plaintiff also alleges that Defendants intercepted its signals, sufficiently meeting the pleading requirements of 18 U.S.C. § 2520. It is immaterial at this point of the litigation that § 2520 does not mention "endeavoring to intercept." It might become material later, if it becomes clear that Plaintiff's evidence supports only the "endeavoring" claim, and not the actual "interception" claim.

■ Finally, citing *In re DIRECTV, Inc.,* No. 03–CV–28–BO (E.D.N.C. Jan. 20, 2004), Defendant Kriesel argues that § 2520 only provides for damages when a satellite signal is not scrambled or encrypted. *See* 18 U.S.C. § 2520(c). The court respectfully disagrees with the resolution of *In re DIRECTV, Inc.,* as the plain language of § 2520(c)(2) provides for damages in "any other action," including actions where the satellite signal is scrambled or encrypted.

For the above-stated reasons, the court declines to dismiss Count Two of Plaintiff's complaint against Defendant Kriesel.

*B. Count Three—18 U.S.C. § 2512*

Defendant Kriesel next argues that, as a matter of law, no civil cause of action exists for violations of 18 U.S.C. § 2512. This court has already addressed the issue in *DIRECTV, Inc. v. Hosey,* 289 F.Supp.2d 1259 (D.Kan.2003). For the reasons fully discussed in *Hosey,* the court grants Defendant Kriesel's motion with respect to Count Three.

*C. Count Five—Conversion*

■ Defendant Kriesel asks the court to dismiss Plaintiff's conversion claim because it is preempted by the Federal Copyright Act, 17 U.S.C. § 301. Plaintiff claims that Defendant Kriesel failed to include a preemption defense in her Answer, thereby waiving the defense. Defendant Kriesel does not controvert Plaintiff's

waiver argument. Because the court determines that Defendant Kriesel waived her preemption defense, the court need not consider the merits of her preemption argument.

██ Federal Rule of Civil Procedure 8(c) requires that a responsive pleading set forth certain enumerated affirmative defenses, as well as "any other matter constituting an avoidance or affirmative defense." Although the Tenth Circuit has not addressed whether preemption is an "avoidance or affirmative defense" that must be pleaded, several other Circuits have held that certain types of preemption are affirmative defenses. *See, e.g., Saks v. Franklin Covey Co.,* 316 F.3d 337, 350 (2d Cir.2003) (holding that ERISA preemption is affirmative defense); *Brannan v. United Student Aid Funds, Inc.,* 94 F.3d 1260, 1266 (9th Cir.1996) (holding that Fair Debt Collection Practices Act preemption is affirmative defense that must have been raised at the trial court level); *Wolf v. Reliance Standard Life Ins. Co.,* 71 F.3d 444, 449 (1st Cir.1995) (holding that ERISA preemption is affirmative defense); *Jordan v. Clayton Brokerage Co. of St. Louis, Inc.,* 975 F.2d 539, 541 (8th Cir. 1992) (holding that Commodity Exchange Act preemption is affirmative defense that must have been raised at the trial court level). The court holds here that preemption is an "avoidance or affirmative defense" that must be pleaded pursuant to Fed.R.Civ.P. 8(c).

██ Defendant Kriesel's Answer contains no reference to preemption. January 2, 2004 was the last day for Defendant Kriesel to add parties or amend her pleadings, and Defendant Kriesel has made no attempt to show good cause why she should be allowed to amend her pleadings to add a defense of preemption at this date. *See* Fed.R.Civ.P. 16. The court is aware that Defendant Kriesel is appearing *pro se,* but "a litigant's *pro se* status does not vitiate [her] obligation to comply with the Federal Rules of Civil Procedure." *United States v. Ware,* 172 F.R.D. 458, 459 (D.Kan.1997) (citing *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994)). Under different circumstances, the court might grant Defendant Kriesel leave to amend her Answer, but the court notes that Plaintiff's conversion claim may be subject to dismissal upon further motion, based on the court's contemporaneous ruling in *DIRECTV, Inc. v. Lockwood,* No. 03–2279 (D.Kan. Mar. 18, 2004). Leave to amend to plead a preemption defense is unnecessary in this case.

IT IS THEREFORE, BY THE COURT ORDERED, that Defendant Kriesel's motion to dismiss (Doc. 17) is granted in part and denied in part. The court dismisses Count Three, but Counts Two and Five remain in the case.

**IT IS SO ORDERED.**