**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

SHELIA MASON,

        Plaintiff-Appellant,

  v.

MEDIFIT CORPORATE SERVICES, INC.,
DBA EXOS,

        Defendant-Appellee.

No. 18-16230

D.C. No. 4:17-cv-02542-JST

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted December 2, 2020[**]

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Sheila Mason appeals pro se from the district court's orders denying post-judgment motions in her diversity action alleging employment discrimination claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255,

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1262 (9th Cir. 1993), and we affirm.

The district court did not abuse its discretion in denying Mason's motions for reconsideration because Mason failed to demonstrate any basis for relief. *See id.* at 1262-63 (setting forth grounds for reconsideration); *see also Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101-02 (9th Cir. 2006) ("A party will not be released from a poor litigation decision made because of inaccurate information or advice, even if provided by an attorney.").

We do not consider Mason's contentions regarding the underlying judgment because Mason failed to file a timely notice of appeal of that judgment. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days of judgment); Fed. R. App. P. 4(a)(4)(A)(iv), (vi) (post-judgment tolling motions must be filed within 28 days of the entry of judgment); *Swimmer v. IRS*, 811 F.2d 1343, 1344-45 (9th Cir. 1987) (an untimely second motion for reconsideration does not toll time to appeal underlying judgment), *abrogated on other grounds by Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997).

We reject as without merit Mason's contentions that she signed the mediator's proposal under duress or that defendants acted in a fraudulent manner.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendants' motions to take judicial notice (Docket Entry Nos. 8 and 14) are

18-16230

denied as unnecessary.

**AFFIRMED.**